THE STATE, EX REL. LUKE ET AL., APPELLANTS, *v.* CORRIGAN, PROS. ATTY., ET AL., APPELLEES.

[Cite as State, ex rel. Luke, v. Corrigan (1980), 61 Ohio St. 2d 86.]

(No. 79-1092—Decided January 23, 1980.)

*Messrs. Dachman & Dachman* and *Mr. Jerome M. Dachman,* for appellants.

*Mr. John T. Corrigan,* prosecuting attorney, and *Mr. George J. Sadd,* for appellees.

*Per Curiam.* The issue herein is whether appellants have an adequate remedy at law by way of replevin for the return of their personal property obtained in connection with a regularly issued search warrant, where some of the property taken was not specified in the warrant.

Appellants argue that replevin is not an adequate remedy because under R. C. 1919.01(D) an affidavit is necessary which requires a statement, *inter alia,* "[t]hat such property was not taken in execution on an order or judgment against the plaintiff, or***that such property is exempt from such execution under the laws of this state." Thus, appellants con-

tend that to avail themselves of replevin under R. C. 1919.01 would necessitate the commission of perjury.

It is to be noted that R. C. 2737.01 *et seq.* also specifies requirements for replevin actions. R. C. 2737.02(D), in detailing the requirement of an affidavit, states, in pertinent part, that the affidavit must show as to the property taken "[t]hat it was not taken on process issued against the plaintiff***."

Neither R. C. 1919.01(D) nor 2737.02(D) precludes appellants from submitting the required affidavits because of threat of perjury. The affidavit requirements imposed by these statutes are for the purpose of negating that the property was taken pursuant to an order, judgment or process *against the plaintiff.* The search warrant herein was directed to law enforcement agencies rather than against appellants.

As we stated in *State, ex rel. Vitoratos,* v. *Whiddon* (1965), 3 Ohio St. 2d 52, "[i]n the exercise of its discretion, this court will ordinarily refuse a writ of mandamus where relator has an adequate remedy in the ordinary course of law."

For reason of the foregoing, the judgment of the Court of Appeals, dismissing the complaint, is affirmed.

*Judgment affirmed.*

CELEBREZZE, C. J., HERBERT, W. BROWN, P. BROWN, SWEENEY and LOCHER, JJ., concur.

HOLMES, J., dissenting. I cannot concur with the majority here in that requiring a private citizen from whom property has been taken to file a replevin action requiring a bond and other attendant costs is not an adequate remedy at law. I would allow the writ.