THE STATE EX REL. HARRIS, APPELLANT, *v.* CITY OF TOLEDO, APPELLEE.

[Cite as *State ex rel. Harris v. Toledo* (1995), 74 Ohio St.3d 36.]

(No. 95–809—Submitted September 12, 1995—Decided November 15, 1995.)

*William Harris,* pro se.

*Mark S. Schmollinger,* Toledo Director of Law, and *Lourdes Santiago,* Senior Attorney, for appellee.

*Per Curiam.* In order to be entitled to a writ of mandamus, Harris had the burden to prove a clear legal right to recovery of the truck, a clear legal duty on the part of the city to return the truck to him, and the absence of a plain and adequate remedy in the ordinary course of law. *State ex rel. Donaldson v. Alfred* (1993), 66 Ohio St.3d 327, 329, 612 N.E.2d 717, 719. *Sua sponte* dismissal without notice is generally improper and is allowed only where the complaint is frivolous or the claimant obviously cannot prevail on the facts alleged in the complaint. *State ex rel. Edwards v. Toledo City School Dist. Bd. of Edn.* (1995), 72 Ohio St.3d 106, 108, 647 N.E.2d 799, 801.

It is evident that the court of appeals dismissed the mandamus action *sua sponte* based on its determination that Harris had not alleged specific facts relating to his alleged clear legal right to recovery of the truck and corresponding clear legal duty on the part of the city to return the truck to him. Similarly, the city contends on appeal that the dismissal should be affirmed because the complaint contained unsupported conclusions, which are insufficient to withstand a motion to dismiss.

The court of appeals required that the relator "me[e]t the three requirements for a writ of mandamus" in his complaint. However, a plaintiff or relator is not required to prove his or her case at the pleading stage and need only give reasonable notice of the claim. *Id.* at 109, 647 N.E.2d at 802. Nevertheless, as we recently observed in *State ex rel. Williams Ford Sales, Inc. v. Connor* (1995), 72 Ohio St.3d 111, 113, 647 N.E.2d 804, 806, this court has modified the general standard of notice pleading by requiring the pleading of specific facts rather than mere unsupported conclusions in certain limited areas. As in *Williams Ford Sales, supra,* "[t]his case does not fall within one of the * * * limited exceptions to the general rule requiring notice pleading."

Therefore, the court of appeals erred in requiring that Harris plead more specific facts as to the clear legal right and clear legal duty he alleged in his complaint in order to withstand dismissal. Alleging equitable title and the right to possession of the truck was minimally sufficient to withstand dismissal as to

the first two elements required for mandamus relief since Harris was not required to prove his case in his complaint. See McCormac, Ohio Civil Rules Practice (2 Ed.1992) 148, Section 6.20 ("[I]t is suggested that the trial court should not create its own exceptions [to the general rule of notice pleading] but that it must follow the Supreme Court rules [*i.e.* Civ.R. 8(A) ] unless specifically instructed not to do so by a Supreme Court decision.").

Nevertheless, a reviewing court is not authorized to reverse a correct judgment merely because erroneous reasons were assigned as a basis thereof. *State ex rel. Meyers v. Columbus* (1995), 71 Ohio St.3d 603, 605, 646 N.E.2d 173, 174. Although Harris alleged a clear legal right to return of the truck and a clear legal duty to have the city return his truck, his somewhat rambling complaint failed to allege in even a conclusory manner the lack of a plain and adequate remedy in the ordinary course of law. In addition, Harris could have availed himself of the alternative adequate legal remedy of replevin under R.C. Chapter 2737 to recover possession of the truck. See *State ex rel. Luke v. Corrigan* (1980), 61 Ohio St.2d 86, 15 O.O.3d 123, 399 N.E.2d 1208 (affirming dismissal of mandamus complaint on the basis that relators had an adequate remedy at law by way of an action in replevin to recover personal property seized under a search warrant); cf. *State ex rel. Russell v. Duncan* (1992), 64 Ohio St.3d 538, 597 N.E.2d 142 (affirming *sua sponte* dismissal of mandamus action based on, *inter alia,* the presence of an adequate remedy at law via an action for damages for breach of contract); *Morgan v. Cleveland* (July 1, 1982), Cuyahoga App. No. 44261, unreported, 1982 WL 2451 (replevin action against city for possession of car). Under these circumstances, the court of appeals properly dismissed the complaint.

Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.