MICHAEL, Appellant,

v.

CITY OF WHITEHALL, Appellee.

[Cite as *Michael v. Whitehall* (1999), 134 Ohio App.3d 719.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 98AP–658.

Decided April 22, 1999.

*Christopher King,* for appellant.

*Smith & Colner* and *Steven Lee Smith,* for appellee.

---

BROWN, Judge.

Gerald L. Michael,[1] plaintiff-appellant, appeals a decision of the Franklin County Court of Common Pleas. The trial court dismissed appellant's complaint against the city of Whitehall, Ohio, defendant-appellee. We affirm in part and reverse in part.

Appellant began working as a police officer for appellee on December 22, 1969. Appellant claims in his complaint that he developed "physical stress-related problems" following the murder of a fourteen-year-old juvenile who was involved in a criminal investigation with appellant. Appellant states that in July 1990, he "voluntarily transferred from the detective bureau to the uniform division at the request of his psychiatrist." Appellant also states that appellee "commenced a series of abusive, unlawfully discriminatory actions," which included "banishing" him from the police department, refusing to "timely issue [appellant's] sick-time wages," and ordering him to "relinquish his departmental weapon, identification, and any and all city-issued equipment." Appellant contends that appellee forced him to resign from his employment as a police officer in October 1991.

On January 24, 1997, appellant filed a complaint against appellee for "declaratory, preliminary and permanent injunctive relief and for damages to redress wrongs occasioned by the acts and omissions" of appellee. In his complaint, appellant listed seven causes of action. In his second cause of action, appellant

---

1. Gerald L. Michael is the only plaintiff-appellant in this appeal; the other plaintiffs voluntarily dismissed their complaints on March 18, 1998.

stated that appellee's actions constituted "a violation of Ohio Revised Code [Chapter] 4112 under unlawful age, disability/handicap and retaliation rubrics."

On February 3, 1998, appellee filed a motion to dismiss pursuant to Civ.R. 12(B)(6) and (C). Appellee argued that appellant failed to state a claim upon which relief could be granted. On March 18, 1998, appellant voluntarily dismissed all of his causes of action except for the second cause of action. The trial court sustained appellee's motion to dismiss appellant's complaint. The court found that appellant's age discrimination claim was barred by the 180–day statute of limitations in former R.C. 4112.02(N). The court also found that appellant failed to state a claim for handicap discrimination upon which relief could be granted because it did "not appear from the facts of the complaint that [appellant] could safely and substantially perform his job tasks" at the time of the alleged adverse employment action. Appellant appeals this decision and presents the following assignment of error:

" The lower court committed an abuse of discretion in dismissing plaintiff's complaint prior to summary judgment proceedings."

Appellant argues that the trial court erred in dismissing his complaint. Appellant argues that he "has generated an inference that [appellee] could have accommodated his handicap." Because the only claim that appellant argues in his brief was his handicap discrimination claim, we will only address whether the trial court erred in dismissing appellant's handicap discrimination claim. See App.R. 12(A)(2) and 16(A)(7).

A review of the trial court's opinion shows that it dismissed appellant's case pursuant to Civ.R. 12(B)(6), which provides a defendant with the defense that plaintiff failed "to state a claim upon which relief can be granted." The proper standard of review for a case that was dismissed pursuant to Civ.R. 12(B)(6) is as follows:

" 'The factual allegations of the complaint and items properly incorporated therein must be accepted as true. Furthermore, the plaintiff must be afforded all reasonable inferences possibly derived therefrom. It must appear beyond doubt that plaintiff can prove no set of facts entitling [him] to relief.' " (Citations omitted.) *Desenco, Inc. v. Akron* (1999), 84 Ohio St.3d 535, 537–538, 706 N.E.2d 323, 327, quoting *Vail v. Plain Dealer Publishing Co.* (1995), 72 Ohio St.3d 279, 280, 649 N.E.2d 182, 184.

Civ.R. 8(A) requires only "(1) a short and plain statement of the claim showing that the party is entitled to relief, and (2) a demand for judgment for the relief to which the party claims to be entitled." Thus, in order to survive a motion to dismiss pursuant to Civ.R. 12(B)(6), "a party is ordinarily not required to allege in the complaint every fact he or she intends to prove [because] such facts may not be available until after discovery." *Ashiegbu v. Anaba* (Sept. 10,

1998), Franklin App. No. 98AP–126, unreported, 1998 WL 598121, citing *York v. Ohio State Hwy. Patrol* (1991), 60 Ohio St.3d 143, 144–145, 573 N.E.2d 1063, 1064–1065.

■ "* * * There is usually no requirement that facts be stated in the pleadings or that the pleadings be used for a restrictive narrowing of the issues. The Civil Rules provide other means that are more effective for determining facts or narrowing issues, such as discovery procedures and pretrial orders. The philosophy of the Civil Rules, like the philosophy of the Federal Rules, is that cases should be tried on the proof rather than on the pleadings." (Footnote omitted.) McCormac, Ohio Civil Rules Practice (2 Ed.1992) 101–102, Section 5.01.

■ Appellant stated in his second cause of action that appellee's "[in]actions constitute a violation of Ohio Revised Code [Chapter] 4112 under * * * disability/handicap * * * rubrics." Appellant's claim was filed within the six-year statute of limitations period of former R.C. 4112.99. Appellant also stated in his complaint that after 1988, he developed "major depression" and "physical stress-related problems." Appellant further stated that he was given a handwritten note "declaring that he was a liability to the city and he was taken out of uniform and assigned to desk duty, against his wishes." Appellant claimed in his complaint appellee forced him to resign "through economic duress." Appellant further claimed that he "at no time exhibited any threatening, violent · or dangerous behaviors at work and has not ever been counseled as such."

After reviewing appellant's complaint, we find that appellant sufficiently stated a claim upon which relief can be granted pursuant to Civ.R. 12(B)(6) and 8(A). Appellant was not required to state in his complaint facts alleging that he could safely and substantially perform his job tasks at the time of the alleged adverse employment action. Therefore, we find that the trial court erred in dismissing appellant's handicap discrimination claim. However, because appellant failed to sufficiently argue whether the trial court erred in dismissing his age discrimination and retaliation claims, we sustain the trial court's judgment dismissing these claims. Appellant's assignment of error is overruled in part and sustained in part.

Judgment affirmed in part, reversed in part, and this cause is remanded to the trial court for further proceedings in this matter according to this opinion.

*Judgment affirmed in part,*
*reversed in part*
*and cause remanded.*

TYACK and BOWMAN, JJ., concur.