OPINION
Plaintiffs Judith A. and James L. Woods, appeal a judgment of the Court of Common Pleas of Fairfield County, Ohio, which found certain counts of their complaint against Karen S. Houser and Gene Taylor, DBA, Gene Taylor Air Sports failed to state a claim upon which relief can be granted. Appellants assign two errors to the trial court:
 ASSIGNMENTS OF ERROR ASSIGNMENT OF ERROR NO. I:
DOES A FINAL APPEALABLE ORDER EXIST?
 ASSIGNMENT OF ERROR NO. II. DID THE TRIAL COURT COMMIT PREJUDICIAL ERROR WHEN IT GRANTED CIVIL RULE 12 (b)(6) RELIEF TO TAYLOR ON ALL CLAIMS AND TO HOUSER ON CLAIMS 3-11?
Appellants filed their complaint against appellee Houser, appellee Taylor and several other defendants who are not parties to this appeal. Appellants alleged appellee Taylor owns and operates Gene Taylor Air Sports, and leases a hanger at the county airport from which he engages in a parachute school and sky diving for profit. On the 27th day of September, 1998, appellee Houser jumped from an airplane and parachuted to appellants' property. Appellants informed Houser she was trespassing, and attempted to detain her until the sheriff arrived. Appellants allege Houser grabbed Judith Woods and threw her to the ground, injuring her left knee.
Since the 1970's, appellants have planted crops and raised livestock on 925 acres located in Greenfield Township, Fairfield County, Ohio, adjacent to the airport. Appellants' complaint alleges sky divers have repeatedly landed on their property without permission, screaming and operating video cameras. Appellants alleged the parachuters have startled and stampeded their cattle, causing injury and death, and the parachuters have damaged appellants' crops. Appellants allege they complained to the airport and other authorities. Appellants allege the various defendants knew or should have known the skydivers land on their private property. Appellants allege the various defendants allowed the skydiving to continue, and the trespass to continue by failing to ensure adequate jump zones. Appellants also alleged the various defendants were aware of the damages and of the animosity between the parachuters and appellants, but nevertheless persisted in their behavior.
Appellants' complaint breaks the action down into eleven claims: Assault, trespass, invasion of privacy, intentional infliction of emotional distress, negligent infliction of emotional distress, agency, aiding and abetting, ratification, nuisance, injunction, and slander. The trial court found appellants had failed to state any claims specific to appellee Taylor, and dismissed the entire complaint as to him. The trial court found that as to appellee Houser, all counts except for the assault and trespass should be dismissed. The trial court dismissed the counts without prejudice, and stated there was no just reason for delay.
 I
In their first assignment of error, appellants urge the order appealed from is a final appealable order. On May 26, 2000, appellees filed their motion to dismiss, arguing the order appealed from was not a final appealable order because the matter had been dismissed without prejudice. This court overruled the motion to dismiss the within appeal, finding the trial court's judgment terminated the action involuntarily. We adhere to our previous decision on this matter.
We find appellant's first assignment of error does not assert an error of the trial court, and in light of our previous decision, is moot.
The first assignment of error is overruled.
 II
Civ.R. 8 (A) requires a complaint to contain a short and plain statement of the claim showing the party is entitled to relief. Civ.R. 12 (B) (6) permits a court to dismiss a complaint if it fails to state a claim upon which relief can be granted. A court should grant a Civ.R. 12 (B)(6) motion when it appears the plaintiff can prove no set of facts which would entitle him to recovery, see O'Brien v. University Community Tenants Union
(1975), 42 Ohio St.2d 242. The complaint must contain allegations which show the plaintiff could produce evidence going to every element of the cause of action, but the allegations may be general. In State ex rel. Harris v. Toledo (1995), 74 Ohio St.3d 36, the Supreme Court noted under the general standard of notice pleading, a plaintiff is not required to prove the case at the pleading stage, but need only give reasonable notice of the claim. Harris at 37, citations deleted. Thus, it is appropriate for us to examine each cause of action appellants set forth to determine whether the complaint makes sufficient allegations to support each cause of action.
 Claim One
Appellants' first cause of action is for assault. In order to prove a claim of assault the plaintiff must set forth: A) A threat or attempt to harm or to touch offensively; B) by another person; C) which threat or attempt reasonably places the victim in fear of such contacts; D) coupled by an affirmative act demonstrating the apparent ability to do the harm or commit the offensive touching; E) which the tortfeasor knew would bring about harmful or offensive contact, see e.g. Smith v. John Deere Company
(1990), 83 Ohio App.3d 398. As to appellee Houser, appellant has alleged Houser grabbed appellant Judith Woods and flipped her onto her back, causing her to injure her left knee. As the trial court correctly found, these allegations suffice to state a claim for relief, and the trial court properly did not dismiss this cause of action against appellee Houser.
The trial court dismissed the cause of action for assault against appellee Taylor. The parties concede Taylor was not present at the confrontation between appellant and appellee Houser, so appellants have alleged various theories under which Taylor can be vicariously liable. Appellants' sixth claim against Taylor alleges Taylor has the right to control appellee Houser and all other people who parachute and sky dive. Appellants' seventh claim alleges Taylor aided and abetted appellee Houser because he knew or should have known the parachutists were landing on appellants' property and should have known of the animosity this creates. Appellants' eighth claim alleges Taylor has ratified Housers' action by continuing in the practice which led to the trespass and the animosity.An agency relationship requires a principal who controls the actions of his agent in obtaining the principal's objective, see e.g., Grigsby v. O.K. Travel (1997),118 Ohio App.3d 671. A principal is not liable for the actions of an agent committed outside the scope of the agency relationship.
Taylor points out Houser was merely a customer of his business. The gist of appellants' allegations are that Taylor knew or should have known the continuing trespass would lead to a confrontation and a tortious exchange. Assault is an intentional tort, however, and there is no allegation Taylor intended the continuing trespass to lead to a physical confrontation or directed Houser to assault appellants. We find the complaint does not state a claim against Taylor for the intentional tort of assault under the agency theory of liability, either direct, ratifying after the fact, or through aiding and abetting. Accordingly, the trial court correctly dismissed the assault claim against Taylor.
 Claim Two, Trespass
A claim for trespass requires a plaintiff to prove the defendant A) entered the plaintiff's premises; B) without invitation C) for his own purposes, see, Northfield ParkAssociates v. Northeast Ohio Harness (1987), 36 Ohio App.3d 14. Appellants' allegation regarding Houser was that Houser parachuted onto appellants' property without permission. The trial court correctly found appellants stated a claim for trespass against appellee Houser, and the trial court did not dismiss this claim as to her.
The trial court did dismiss the trespass claim against appellee Taylor. As stated, supra, appellants allege appellee Taylor persisted in operating his business in such a way that his customers repeatedly trespassed on appellants' property, causing damages. Appellee Taylor argues a person is not liable for a trespass committed by another unless the defendant has instructed the third person to trespass, citing Biomedical Innovations v.McLaughlin (1995), 103 Ohio App.3d 122.
Although the complaint is somewhat inartfully drafted, nevertheless, we find appellants have alleged sufficient facts going to each of the elements of the tort of trespass such that, if proven, Taylor could be held liable for appellants' damages. In essence, appellants allege Taylor could control where his customers would land. Accordingly, we find the trial court improper dismissed the trespass claim against Taylor.
 Claim Three, Invasion of Privacy
Appellants' third claim alleges the behavior of the sky divers as they descend disrupts appellants' right to the peaceful enjoyment of their property. As appellee points out, a claim for invasion of privacy is generally considered to occur if the defendant misappropriates or exploits a person's personality, publicizes his private affairs, places him in a false light, or wrongfully intrudes into the plaintiff's activities in such a way that would humiliate a person of ordinary sensibilities, Housh v.Teth (1956), 165 Ohio St. 35. Disruption of appellants' enjoyment of their property is an aspect of the trespass. We find the complaint does not state a claim against Houser or Taylor for invasion of privacy as the tort is generally defined.
 Claim Four, Intentional Infliction of Emotional Distress Claim Five, Negligent Infliction of Emotional Distress
Appellees point out a claim for intentional infliction of emotional distress must include an allegation the defendant's actions were extreme and outrageous, see Krupar v. CentriaPartnership (August 31, 1999), Guernsey App. No. 98CA18, unreported. In order to state a claim for negligent of emotional distress, appellants had to allege the sky diving placed appellants in fear of real physical harm which caused serious foreseeable emotional distress, Heiner v. Moretuzzo (1995),73 Ohio St.3d 80. We agree with the trial court appellants have failed to plead sufficient facts to support each of the elements of intentional or negligent infliction of emotional distress.
 Claim Nine, Nuisance Claim Ten, Injunction
Appellants' complaint alleges appellee Taylor operated his business persistently in such a way that his customers trespassed on appellants' property. The actions of the sky divers, including screaming, and video taping, have resulted in appellants' cattle being stampeded and their crops destroyed. Appellants allege this constitutes a nuisance for which they have no adequate remedy at law. Appellees cite Crown Property Development v. Omega OilCompany (1996), 113 Ohio App.3d 647, as authority for the proposition that the act complained of must cause injury to the plaintiff's property or obstruct the plaintiff's reasonable use of their property. Contrary to appellees' assertions, we find appellants' complaint does state appellees' actions have injured appellants' property and interfered with the reasonable use of the property.
Appellees urge appellants have alleged and sought no damages, although they concede the injunction claim is a remedy for nuisance.
R.C. 2727.02 states:
 A temporary order may be granted restraining an act when it appears by the petition that the plaintiff is entitled to the relief demanded, and such relief, or any part of it, consists in restraining the commission or continuance of such act, the commission or continuance of which, during the litigation, would produce great or irreparable injury to the plaintiff, or when, during the litigation, it appears that the defendant is doing, threatens or is about to do, or is procuring or permitting to be done, such act in violation of the plaintiff's rights respecting the subject of the action, and tending to render the judgment ineffectual.
A party seeking an injunction must establish the right to the injunction by clear and convincing evidence as to each element, see e.g. Vanguard Transportation Systems, Inc. v. Edwards Transfer Storage Company (1996), 109 Ohio App.3d 786. Under some conditions, proof of actual damages is not required, see Phillipsv. Mufleh (1995), 95 Ohio App.3d 289.
Our review of appellants' complaint lead us to conclude appellants' claim for an injunction against appellees for maintaining a nuisance does state a claim for relief. For this reason, the trial court should not have dismissed this cause of action against appellees.
 Claim Eleven, Slander
Appellants alleged defendant Fairfield County Airport Authority, which is not a party to this appeal, posted on a public bulletin board the minutes of a meeting at which it was reported someone alleged appellant Judith Woods "farms topless". Appellants urge this damaged appellant's reputation and cause her emotional distress. Appellants demanded judgment against all defendant except Karen Houser, the pilots and parachutists to be named later in the amount of $50,000 for the eleventh claim for relief.
The complaint fails to allege appellees Taylor and or Houser participated in the posting of the minutes which allegedly published false statements about Judith Woods. For this reason, the trial court properly dismissed the eleventh cause of action as it pertained to appellees.
In conclusion, we find appellants' complaint set forth a cause of action against appellee Taylor for trespass, and nuisance, and properly seeks the continuing trespass and nuisance be enjoined.
The second assignment of error is overruled in part, and sustained in part.
For the forgoing reasons, the judgment of the Court of Common Pleas of Fairfield County, Ohio, is affirmed in part and reversed in part, and the cause is remanded to that court for further proceedings in accord with law and consistent with this opinion.
By GWIN, P.J., HOFFMAN, J., and READER, J., concur
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Fairfield County, Ohio, is affirmed in part and reversed in part and the cause is remanded to that court for further proceedings in accord with law. Costs to appellees.