OPINION
Plaintiff-appellant, Selina R. Miller, pro se, appeals a series of decisions and entries of the Franklin County Court of Common Pleas dismissing her claims against certain defendants brought in a pro se complaint purporting to raise claims for defamation (in particular, slander) and invasion of privacy. For the reasons that follow, we affirm in part and reverse in part.
On November 5, 1999, appellant filed her complaint against eighteen defendants. All claims against ten individual defendants, all employees of the state of Ohio were dismissed below for lack of jurisdiction, and appellant does not challenge that decision in this appeal. The remaining eight defendants are appellees herein: (1) Ameritech and Don Booker, representative; (2) Wackenhut Corporation; (3) Powers Investigation; (4) New Salem Security Team, c/o Keith A. Troy; (5) Franklin County Children Services and Sharon Burke in her official capacity; (6) Sharon Burke in her individual capacity; (7) Mary Farmer; and (8) Thomas Betts.
In toto, appellant's complaint contained the following allegations:
 1. I, Selina Miller, am pursuing a claim against each of the defendants individually.
 2. Each of the defendants have sought to ruin plaintiff's reputation via church and community and have chosen to invade her privacy based on the making of false malicious defamatory allegations.
 3. The said actions by the defendants are malicious and on-going and intended to injure plaintiff's reputation the defendants have made slanderous allegations individually and collectively stating the plaintiff was involved in indictable criminal activities (telephone harassment, drugs, alcohol abuse, theft, fornication and fighting, etc., and that plaintiff is frantic dangerous with the intent to do physical harm).
 4. Plaintiff has suffered anguish, humiliation and to this time incur damages to her professional and social status.
 5. Wherefore the plaintiff Selina R. Miller prays judgement against each of the individual defendants for punitive damages and any other court order fees.
Each defendant eventually filed a motion to dismiss the complaint for failure to state a viable claim pursuant to Civ.R. 12(B)(6) or for judgment on the pleadings pursuant to Civ.R. 12(C). In a series of entries filed April 24, 1999 through August 10, 2000, the trial court granted these motions, generally finding that appellant had failed to allege sufficient operative facts to create a cause of action against each defendant.
Appellant timely appealed, raising the following single assignment of error:
 THE TRIAL COURT ERRED IN GRANTING DEFENDANTS-APPELLEES AMERITECH AND DON BOOKER, KEITH TROY AND NEW SALEM SECURITY TEAM, FRANKLIN COUNTY CHILDREN SERVICES AND SHARON BURKE, MARY FARMER POWERS INVESTIGATION, WACKENHUT CORPORATION; MOTION TO DISMISS PURSUANT TO OHIO CIVIL RULES AND PROCEDURES WHICH IS PREJUDICIAL.
Dismissal of a claim, pursuant to Civ.R. 12(B)(6) or 12(C) is appropriate only where it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. York v. Ohio State Highway Patrol (1991), 60 Ohio St.3d 143,144; Lin v. Gatehouse Constr. Co. (1992), 84 Ohio App.3d 96, 99. A court must presume all factual allegations contained in the complaint to be true and make all reasonable inferences in favor of the non-moving party. Mitchell v. Lawson Milk Co. (1988), 40 Ohio St.3d 190, 192. In resolving a Civ.R. 12(B)(6) motion, a court is confined to the allegations contained in the complaint, and as an appellate court, we must independently review the complaint to determine if dismissal was appropriate. McGlone v. Grimshaw (1993), 86 Ohio App.3d 279, 285.
Each appellee essentially argues that the trial court properly dismissed appellant's complaint because it failed to contain allegations describing the specific slanderous statements allegedly made by each defendant and failed to allege where and when the statements were made. Appellees also contend that appellant's complaint failed to contain the requisite allegations to support an invasion of privacy claim. While we agree that appellant's complaint failed to properly allege a claim for invasion of privacy, we find that the complaint does allege a slander claim under Ohio law.
Civ.R. 8(A) provides for notice pleading and requires only "(1) a short and plain statement of the claim showing that the party is entitled to relief, and (2) a demand for judgment for the relief to which the party claims to be entitled." Thus, a plaintiff is not required to prove his or her case at the pleading stage and need only give reasonable notice of the claim. State ex rel. Harris v. Toledo (1995), 74 Ohio St.3d 36. Outside of a few carefully circumscribed exceptions, none of which apply here, in which the Supreme Court has modified the standard for granting a motion to dismiss by requiring that the plaintiff plead operative facts with particularity, see York, supra, at 144, a complaint need not contain more than "brief and sketchy allegations of fact to survive a motion to dismiss under the notice pleading rule." Id. at 146 (Moyer, C.J., concurring); see, also, Stephens v. Boothby (1974), 40 Ohio App.2d 197,198 (noting that complaint "must at least state the operative grounds which create a claim, but the relating of facts giving rise to the claims is not necessary").
In Ohio, defamation has been defined as a false publication causing injury to a person's reputation or exposing him to public hatred, contempt, ridicule, shame or disgrace, or affecting him adversely in his trade or business. Cleveland Leader Printing Co. v. Nethersole (1911),84 Ohio St. 118, 95 N.E. 735. Similarly, Restatement of the Law 2d, Torts (1977) 156, Section 559, provides: "A communication is defamatory if it tends so to harm the reputation of another as to lower him in the estimation of the community or to deter third persons from associating or dealing with him." See, also, Thomas H. Maloney Sons, Inc. v. E.W. Scripps Co. (1974), 43 Ohio App.2d 105, 107, 334 N.E.2d 494 (defining libel as a false and malicious publication made with the intent to injure a person's reputation or expose him to public hatred, contempt, ridicule, shame or disgrace, or to affect him adversely in his trade or profession).
In her complaint, appellant alleges that defendants, either individually or collectively, have stated that plaintiff was involved in indictable criminal activities, including telephone harassment, drugs, alcohol abuse, theft, fornication, and fighting. (Complaint at paragraph 3.) She also alleges that defendants have stated that appellant is "frantic dangerous with the intent to do physical harm." Id. Further, appellant alleges each of the defendants have sought to ruin her reputation in the church and community and that they have made false malicious defamatory statements. Id. at paragraph 2. Finally, appellant alleges that she has suffered anguish, humiliation, and has incurred damages to her professional and social status. Id. at paragraph 4. Thus, drawing all reasonable inferences in favor of appellant, it is apparent that appellant's complaint complies with the notice pleading requirements of Civ.R. 8(A) in stating a claim for slander against defendants. See Ashiegbu v. Anaba (Sept. 10, 1998), Franklin App. No. 98AP-126, unreported.
While appellant's complaint does not specify exactly what each defendant-appellee is alleged to have said, when, and to whom, we do not find such factual allegations are necessary to raise a viable claim for slander in a complaint. As this court has previously recognized, "`[t]he Civil Rules provide other means that are more effective for determining facts or narrowing issues, such as discovery procedures and pretrial orders.'" Michael v. Whitehall (1999), 134 Ohio App.3d 719, 722, quoting McCormac, Ohio Civil Rules of Practice (2 Ed. 1992) 101-102, Section5.01. We find, therefore, that the trial court erred in ruling that appellant failed to properly allege a slander claim against defendants-appellees.
We find, however, that the trial court did not err in dismissing appellant's purported invasion of privacy claims. To recover for invasion of privacy for publication of private facts (that which is purportedly alleged here), the following elements must ultimately be shown: (1) that there has been a public disclosure; (2) that the disclosure was of facts concerning the private life of an individual; (3) that the matter disclosed would be highly offensive and objectionable to a reasonable person of ordinary sensibilities; (4) that the disclosure was intentional; and (5) that the matter publicized is not of legitimate concern to the public. Killilea v. Sears, Roebuck Co. (1985),27 Ohio App.3d 163, 166-167; Early v. The Toledo Blade (1998),130 Ohio App.3d 302, 342. An action for publicizing one's private facts is based, however, on statements that are deemed to be true. Bertsch v. Communications Workers of Am., Local 4302 (1995), 101 Ohio App.3d 186,192.
Here, while appellant generally alleges that the defendants "have chosen to invade her privacy," complaint at paragraph 2, she makes no other specific allegation purporting to raise an invasion of privacy claim. More importantly, the entire tenor of appellant's complaint is that alleged statements concerning appellant are false. As such, we do not find that appellant has stated a viable claim for invasion of privacy.
Likewise, we do not find that the trial court erred in granting the motion for judgment on the pleadings filed by FCCS and Sharon Burke in her official capacity. In this motion, FCCS contended, inter alia, that it was entitled to judgment pursuant to R.C. 2744.02. We agree.
Under R.C. 2744.02, a political subdivision, including FCCS, is generally immune from liability in a civil action alleging injury, death, or loss caused by an act or omission of the political subdivision and/or its officials acting in their official capacity unless five specific exceptions are applicable. See, generally, Colling v. Franklin Cty. Children Serv. (1993), 89 Ohio App.3d 245, 252. Here, appellant's complaint makes no allegation implicating any of the exceptions to immunity. As such, FCCS and Sharon Burke acting within her official capacity were entitled to judgment on the pleadings.
For the foregoing reasons, appellant's single assignment of error is sustained in part and reversed in part, and the judgments of the trial court are affirmed in part and reversed in part. In particular, the trial court's judgment on the pleadings in favor of defendants-appellees, FCCS and Sharon Burke in her official capacity is affirmed.
Furthermore, the trial court's judgments granting the remaining defendants-appellees' motions to dismiss are affirmed as they relate to appellant's purported invasion of privacy claims but are reversed as they relate to appellant's slander claims.
 _________________ LAZARUS, J.
TYACK and BROWN, JJ., concur.