JOURNAL ENTRY AND OPINION
On December 26, 2000, the relator, Michael Simms, commenced this mandamus action against the respondent, Judge Burt Griffin, to compel the judge to (1) return all items of seized personal property, including issuing a forfeiture order declaring what, if any, property is contraband or criminal tools, and (2) investigate the disappearance of money seized from Mr. Sims. On January 22, 2001, the respondent moved for summary judgment. Mr. Sims never filed a reply. For the following reasons, this court grants the judge's motion for summary judgment and denies the application for a writ.
Mr. Sims alleges that on December 2, 1998, March 5, 1999 and March 20, 1999, the police arrested him and seized the following personal property: (1) a 1976 Eldorado Cadillac, (2) a 1989 Cavalier, (3) an Avirex leather coat, (4) a cell phone and battery pack, (5) a drug nursing handbook, (6) a license plate, (7) a .38 caliber handgun, (8) a .45 caliber handgun, and (9) a total of $39,074 in cash.[1] He further asserts that the police underreported the amount of cash received: only $5,200 from the March 5 arrest and $84 from the March 20 arrest. Thus, he asserts that the police stole most of the seized money. He also maintains that the prosecutor agreed to return the cars to his parents, but that was never done. He claims he filed a motion to be present at any forfeiture hearing, but that was not done. Indeed, to his knowledge no forfeiture hearing was had and none of the property was properly forfeited. Thus, this mandamus follows to compel the return of the property and a judicial investigation into the theft of the cash.
In his motion for summary judgment the judge states that in the three cases arising from each of the arrests,[2] Mr. Sims pleaded guilty to one count of drug possession and received three concurrent four year sentences. On February 17, 2000, the judge issued an order of forfeiture of seized contraband for $84 in Case No. CR-378058. On June 15, 2000, he issued another order of forfeiture of seized contraband in Case No. CR-376758 for the following property: (1) $5,360, (2) a 1988 Cavalier, (3) a 1976 Cadillac Eldorado, (4) an Avirex leather jacket, (5) a .45 caliber handgun, (6) a three amp amplifier power supply, (7), three cellular phone batteries, (8) a Motorola cellular phone, and (9) a nursing drug handbook.
The judge argues that the mandamus action is moot, because he has already performed his duty and ordered the concerned property forfeited pursuant to law. Moreover, Mr. Sims has or had an adequate remedy at law by appealing the decision of forfeiture, which now precludes mandamus.
The requisites for mandamus are well established: (1) the relator must have a clear legal right to the requested relief, (2) the respondent must have a clear legal duty to perform the requested relief and (3) there must be no adequate remedy at law. State ex rel. Ney v. Niehaus (1987),33 Ohio St.3d 118, 515 N.E.2d 914. Furthermore, mandamus is not a substitute for appeal. State ex rel. Keenan v. Calabrese (1994),69 Ohio St.3d 176, 631 N.E.2d 119; State ex rel. Daggett v. Gessman (1973), 34 Ohio St.2d 55, 295 N.E.2d 659; and State ex rel. Pressley v. Industrial Commission of Ohio (1967), 11 Ohio St.2d 141, 228 N.E.2d 631, Paragraph Three of the Syllabus. Thus, mandamus does not lie to correct errors and procedural irregularities in the course of a case. State ex rel. Tommie Jerninghan v. Judge Patricia Gaughan (Sept. 26, 1994), Cuyahoga App. No. 67787, unreported. Furthermore, if the relator had an adequate remedy, regardless of whether it was used, relief in mandamus is precluded. State ex rel. Tran v. McGrath (1997), 78 Ohio St.3d 45,676 N.E.2d 108 and State ex rel. Boardwalk Shopping Center, Inc. v. Court of Appeals for Cuyahoga County (1990), 56 Ohio St.3d 33, 564 N.E.2d 86. Moreover, mandamus is an extraordinary remedy which is to be exercised with caution and only when the right is clear. It should not issue in doubtful cases. State ex rel. Taylor v. Glasser (1977), 50 Ohio St.2d 165,364 N.E.2d 1; State ex rel. Shafer v. Ohio Turnpike Commission (1953),159 Ohio St. 581, 113 N.E.2d 14; State ex rel. Connole v. Cleveland Board of Education (1993), 87 Ohio App.3d 43, 621 N.E.2d 850; and State ex rel. Dayton-Oakwood Press v. Dissinger (1940), 32 Ohio Law Abs. 308.
In the present case Mr. Sims' claims for mandamus are not well founded. The respondent judge has fulfilled the duty and most of the relief requested in Mr. Sims' fourth prayer of relief by issuing the orders of forfeiture and declaring what property is contraband and properly forfeited. Moreover, to the extent that Mr. Sims disagrees with that decision or that it was in error, Mr. Sims has or had an adequate remedy at law by way of appeal to contest the judge's dispositions. Such a remedy precludes mandamus.
To the extent that the orders of forfeiture do not cover all the property that Mr. Sims alleges was seized, he has or had an adequate remedy by filing a request or motion for the return of the property pursuant to R.C. 2933.43. Additionally, a writ of replevin also provides an adequate remedy to recover improperly seized property. State ex rel. Luke v. Corrigan (1980), 61 Ohio St.2d 86, 399 N.E.2d 1208 and State ex rel. Jividen v. Toledo Police Department (1996), 112 Ohio App.3d 458,679 N.E.2d 34.
As for the claim that the respondent judge should investigate the theft of cash, Mr. Sims cited no authority for the proposition that a judge has the power, much less the duty, to investigate such matters. Because a court should not issue a writ of mandamus unless the relief is clearly warranted, Mr. Sims' lack of authority defeats his claim.
Accordingly, this court grants the motion for summary judgment and denies the application for a writ of mandamus. Costs assessed against relator. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).
JAMES D. SWEENEY, J. and ANNE L. KILBANE, J., CONCUR.
[1] Of this total, $38,900 was seized on the March 5 arrest, $90 on the December 2 arrest, and $84 on the March 20 arrest.
[2] These underlying cases are State of Ohio v. Michael Simms, Cuyahoga County Common Pleas Court Cases Nos. CR-378058 (the March 20 arrest), CR-371909 (the December 2 arrest), and CR-376758 (the March 5 arrest).