ORIGINAL ACTION JOURNAL ENTRY AND OPINION
{¶ 1} On April 30, 2002, the relator, Edgar Jones, Jr., commenced this mandamus action against the respondent, Judge Carolyn Friedland, to compel the judge to return his personal property which he asserts was improperly forfeited in the underlying case, State of Ohio v. EdgarJones, Jr., Cuyahoga County Common Pleas Court Case No. CR-384710. For the following reasons, this court denies the application for a writ of mandamus, sua sponte.
 {¶ 2} The requisites for mandamus are well established: (1) the relator must have a clear legal right to the requested relief, (2) the respondent must have a clear legal duty to perform the requested relief and (3) there must be no adequate remedy at law. Additionally, although mandamus may be used to compel a court to exercise judgment or to discharge a function, it may not control judicial discretion, even if that discretion is grossly abused. State ex rel. Ney v. Niehaus (1987),33 Ohio St.3d 118, 515 N.E.2d 914.
 {¶ 3} Furthermore, mandamus is not a substitute for appeal. Stateex rel. Keenan v. Calabrese (1994), 69 Ohio St.3d 176, 631 N.E.2d 119;State ex rel. Daggett v. Gessman (1973), 34 Ohio St.2d 55, 295 N.E.2d 659; and State ex rel. Pressley v. Industrial Commission of Ohio (1967),11 Ohio St.2d 141, 228 N.E.2d 631, at paragraph three of the syllabus. Thus, mandamus does not lie to correct errors and procedural irregularities in the course of a case. State ex rel. Tommie Jerninghanv. Judge Patricia Gaughan (Sept. 26, 1994), Cuyahoga App. No. 67787.
 {¶ 4} Furthermore, if the relator had an adequate remedy, regardless of whether it was used or of its outcome, relief in mandamus is precluded. State ex rel. Tran v. McGrath, 78 Ohio St.3d 45,1997-Ohio-245, 676 N.E.2d 108 and State ex rel. Boardwalk ShoppingCenter, Inc. v. Court of Appeals for Cuyahoga County (1990),56 Ohio St.3d 33, 564 N.E.2d 86.
 {¶ 5} Moreover, mandamus is an extraordinary remedy which is to be exercised with caution and only when the right is clear. It should not issue in doubtful cases. State ex rel. Taylor v. Glasser (1977),50 Ohio St.2d 165, 364 N.E.2d 1; State ex rel. Shafer v. Ohio TurnpikeCommission (1953), 159 Ohio St. 581, 113 N.E.2d 14; State ex rel. Connolev. Cleveland Board of Education (1993), 87 Ohio App.3d 43, 621 N.E.2d 850; and State ex rel. Dayton-Oakwood Press v. Dissinger (1940), 32 Ohio Law Abs. 308.
 {¶ 6} In the present case, Jones' claim for mandamus is not well founded. He has or had an adequate remedy by filing a request or motion for the return of the property pursuant to R.C. 2933.43. Indeed, a review of the docket in the underlying case reveals that Jones has twice petitioned the judge for the return of the seized property. The judge denied the motion both times. At those times, Jones had a further adequate remedy by way of appealing those decisions. This remedy of motion and appeal precludes mandamus. This court further notes that mandamus may not control the exercise of judicial discretion, and, thus, cannot be used to compel the respondent judge to grant such motions.
 {¶ 7} Additionally, a writ of replevin also provides an adequate remedy to recover improperly seized property. State ex rel. Luke v.Corrigan (1980), 61 Ohio St.2d 86, 399 N.E.2d 1208 and State ex rel.Jividen v. Toledo Police Department (1996), 112 Ohio App.3d 458,679 N.E.2d 34.
 {¶ 8} State ex rel. Sims v. Griffin (Nov. 20, 2001), Cuyahoga App. No. 79029, presented the same issues. Sims sought mandamus to compel the judge to declare what property was actually forfeited and return the rest and also to conduct an investigation on what happened to the property. This court denied the mandamus action because there were adequate remedies through motion practice and subsequent appeal, if necessary, and not time barred.
 {¶ 9} The relator has also failed to comply with R.C. 2969.25, which requires an affidavit that describes each civil action or appeal filed by the relator within the previous five years in any state or federal court. The relator's failure to comply with R.C. 2969.25 warrants dismissal of the complaint for a writ of mandamus. State ex rel. Zandersv. Ohio Parole Board (1998), 82 Ohio St.3d 421, 696 N.E.2d 594 and Stateex rel. Alford v. Winters, 80 Ohio St.3d 285, 1997-Ohio-117,685 N.E.2d 1242.
 {¶ 10} Accordingly, this court denies the application for a writ of mandamus. Costs assessed against relator. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).
Writ denied.
TIMOTHY E. MCMONAGLE, A.J., AND DIANE KARPINSKI, J., CONCUR.