[The State ex rel.] Blandin *v.* Beck, Sheriff.

[Cite as *State ex rel. Blandin v. Beck,* 114
Ohio St.3d 455, 2007-Ohio-4562.]

(No. 2007–0330—Submitted August 14, 2007—Decided September 19, 2007.)

**Per Curiam.**

{¶ 1} This is an original action for a writ of mandamus to compel a county sheriff to return money that was seized from relator, Alrenzo Blandin, upon his arrest and that was applied toward fines imposed for his felony drug convictions pursuant to a subsequent trial court order. Because Blandin has not established his entitlement to the writ, we deny it.

### Arrest and Seizure of Money

{¶ 2} The West Central Ohio Crime Task Force is a multijurisdictional narcotics-investigation unit that is headquartered at the Allen County Sheriff's Office. The task force placed Blandin under surveillance as a primary suspect in a narcotics investigation.

{¶ 3} On August 3, 2005, Allen County Deputy Sheriff Brock Douglass stopped a vehicle driven by Blandin in Lima, Ohio. Officers from the task force also responded. During the traffic stop, officers found over 25 grams of crack cocaine in Blandin's possession. The officers arrested Blandin and transported him to the county jail. At the time of his arrest, Blandin had $1,058.80 on his person. In accordance with jail policy, the officers took the cash from Blandin in order to place it in a jail commissary account for Blandin's use.

{¶ 4} Immediately following Blandin's arrest, task force officers executed a search warrant at Blandin's Lima residence. The officers seized approximately 100 grams of crack cocaine and over 100 grams of powder cocaine from Blandin's home, as well as $2,500 from a vehicle parked on Blandin's premises. The officers put the cash in a labeled envelope to be used as evidence at Blandin's trial.

{¶ 5} At about the same time, an officer at the jail took the $1,058.80 removed from Blandin's person at the time of his arrest and turned it over to task-force investigators upon receiving information that the money might be used as evidence in the drug case against Blandin. An Allen County grand jury subsequently indicted Blandin on multiple drug offenses.

### Request for Return of Property and Court Order

{¶ 6} In May 2006, Blandin, through his appointed counsel, filed a request in the Allen County Court of Common Pleas for an order that the cash taken from him at his arrest and the car he was driving at the time of his arrest be returned to him because they had no evidentiary value in the criminal case. By entry filed July 5, 2006, Judge Jeffrey R. Reed of the common pleas court ordered that law-enforcement officials return any property to Blandin "that is not intended to be used as evidence, does not contain potential evidence or that is not contraband." But Judge Reed also specified in the entry that "[i]nasmuch as [Blandin's] Mercedes Benz or the cash seized from [Blandin] may be used as evidence and may be relevant it is ORDERED not to be returned."

### Imposition of Fines following Trial and Court Order
### that Seized Money be Applied to Fines

{¶ 7} Following trial, the jury returned a verdict finding Blandin guilty of two counts of possession of crack cocaine and two counts of possession of powder cocaine. On December 14, 2006, Judge Reed sentenced Blandin to an aggregate prison term of 20 1/2 years. Judge Reed also fined him a total of $35,000.

{¶ 8} On February 26, 2007, Judge Reed ordered that the money seized from Blandin when he was arrested be applied first to the mandatory fines imposed upon Blandin in the sentencing entry and then to court costs. Under this order, the county sheriff's office collected from the task force $3,558.80—the $1,058.80 seized from Blandin's person upon arrest and the $2,500 seized from a car on his premises when the search warrant was executed—and deposited it into the sheriff's office checking account and delivered a check in that amount from that account to the Clerk of Courts of the common pleas court to be applied to Blandin's fines in his criminal case.

### Mandamus Case

{¶ 9} Following the sentencing entry but before the court's order that the money seized from Blandin be applied to his fines, Blandin filed this action for a writ of mandamus to compel respondent, Allen County Sheriff Daniel W. Beck, to release to him the $1,058.80 seized during the arrest. Blandin alleged that he had a right to the return of this money based upon the inmate rules of conduct for the county jail.

{¶ 10} Sheriff Beck filed a motion to dismiss Blandin's mandamus complaint. In his response to the motion, Blandin asserted that he was entitled to the requested writ because of the common pleas court's July 5, 2006 order, which he claimed granted his request for the return of property. Blandin attached copies of his request and the order to his response.

{¶ 11} On May 2, the court granted an alternative writ and ordered the submission of evidence and briefs. 113 Ohio St.3d 1486, 2007-Ohio-1986, 865 N.E.2d 911. Sheriff Beck submitted evidence, and the parties submitted briefs.

{¶ 12} This cause is now before the court for its consideration of the merits of Blandin's mandamus claim.

## Mandamus

{¶ 13} To be entitled to the requested writ of mandamus, Blandin must establish a clear legal right to the return of the cash seized from him when he was arrested, a clear legal duty on the part of Sheriff Beck to return the money, and the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Martin v. Mannen,* 113 Ohio St.3d 373, 2007-Ohio-2078, 865 N.E.2d 898, ¶ 5.

{¶ 14} For the reasons that follow, Blandin is not entitled to the requested extraordinary relief in mandamus.

{¶ 15} First, the county jail's inmate rules of conduct do not impose any duty on Sheriff Beck that is cognizable in mandamus. "In mandamus proceedings, the creation of the legal duty that a relator seeks to enforce is the distinct function of the legislative branch of government, and courts are not authorized to create the legal duty enforceable in mandamus." *State ex rel. Lecklider v. School Emp. Retirement Sys.,* 104 Ohio St.3d 271, 2004-Ohio-6586, 819 N.E.2d 289, ¶ 23. Blandin cites no constitutional provision, statute, or administrative rule that imposes a duty on the sheriff to return the seized property.

{¶ 16} Second, the common pleas court's July 5, 2006 order that Blandin relies upon to claim a right to the return of the seized cash did not compel Sheriff Beck to return the money. Instead, in that entry, the court specifically ordered that the cash seized from Blandin not be returned because it "may be used as evidence and may be relevant" to his then-pending criminal trial.

{¶ 17} Third, insofar as Blandin claimed that Sheriff Beck failed to follow the common pleas court's July 5, 2006 entry by not returning the seized cash, "the use of extraordinary relief to enforce a judgment is not widespread, because of the availability of other means of enforcement, e.g., motion for contempt." *Dzina v. Celebrezze,* 108 Ohio St.3d 385, 2006-Ohio-1195, 843 N.E.2d 1202, ¶ 14.

{¶ 18} Fourth, Blandin had an adequate remedy by appeal to challenge either of the trial court's orders, i.e., the July 5, 2006 entry ordering that the cash seized from Blandin not be returned to him and the February 26, 2007 entry ordering

that the cash be applied to the mandatory fines imposed on him. "Mandamus will not issue if there is a plain and adequate remedy in the ordinary course of law." *State ex rel. Mackey v. Blackwell*, 106 Ohio St.3d 261, 2005-Ohio-4789, 834 N.E.2d 346, ¶ 21; R.C. 2731.05; see, also, *State ex rel. Harris v. Toledo* (1995), 74 Ohio St.3d 36, 38, 656 N.E.2d 334 (affirming dismissal of mandamus action because relator had adequate remedy of replevin to recover possession of truck from city); *State ex rel. Luke v. Corrigan* (1980), 61 Ohio St.2d 86, 15 O.O.3d 123, 399 N.E.2d 1208 (affirming dismissal of mandamus complaint on the basis that relators had an adequate remedy at law by way of an action in replevin to recover personal property seized under a search warrant).

{¶ 19} Finally, the common pleas court subsequently ordered that the money seized from Blandin be applied to the mandatory fines imposed upon him in the sentencing entry. Sheriff Beck complied with that order, and he no longer has possession of the seized money. Although the common pleas court's February 26, 2007 order was issued after Blandin filed this action, we properly consider it in determining his entitlement to the requested writ. *State ex rel. Wilson v. Sunderland* (2000), 87 Ohio St.3d 548, 549, 721 N.E.2d 1055 (in mandamus actions, courts are not limited to the facts at the time the action is commenced and should consider the pertinent facts at the time it decides the claim).

{¶ 20} Based on the foregoing, Blandin has established none of the requirements for the requested extraordinary relief in mandamus. Accordingly, we deny the writ.

Writ denied.

MOYER, C.J., PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER and CUPP, JJ., concur.

---

Alrenzo Blandin, pro se.

Juergen Waldick, Allen County Prosecuting Attorney, and Jana E. Emrick, Assistant Prosecuting Attorney, for respondent.