[Cite as *State ex rel. Vanorder v. Bodenbender*, 2014-Ohio-3775.]

## IN THE COURT OF APPEALS OF OHIO
### THIRD APPELLATE DISTRICT
### HENRY COUNTY

**STATE EX REL.**
**CASEY VANORDER,**

    **RELATOR,**                               **CASE NO. 7-13-16**

    **v.**

**MICHAEL BODENBENDER,**
**IN HIS CAPACITY AS SHERIFF OF**          **J U D G M E N T**
**HENRY COUNTY,**                        **E N T R Y**

    **RESPONDENT.**

{¶1} This matter comes on for final determination of Relator's claim for writ of mandamus.

{¶2} On January 24, 2014, upon Respondent's motion to dismiss, the Court granted same in part and dismissed Relator's claims for peremptory writ and for writ of prohibition. However, the Court ordered the parties to submit evidence and briefs on the remaining claim for writ of mandamus. Consequently, the parties filed a "Joint Statement of Facts and Evidence" on February 11, 2014; trial briefs were filed on March 4, 2014; and, pursuant to the parties' joint motion for

oral argument having been granted, the matter was heard on April 29, 2014.

{¶3} The limited record before us reflects the following. Relator, a resident of Fulton County, Ohio, was issued a concealed handgun license ("CHL") on March 25, 2011, by the Sheriff of Henry County, Ohio. On January 5, 2013, the Fulton County Sheriff's Office received a call for assistance at Relator's residence and Relator was transported to a local medical facility for observation. There were no charges filed or judicial proceedings instituted as a result of the incident.

{¶4} On January 7, 2013, Respondent, the current Sheriff of Henry County, Ohio, issued a written "Notice of Conceal Carry License Suspension" to Relator pursuant to R.C. 2923.128(A)(3).[1] The Notice provided that Respondent received information that Relator has been "arrested/officially charged with a disqualifying criminal violation, [is] currently subject to a Court Order protection order, or experiencing issues with mental competency." The record is silent as to the source or form of the information Respondent received that caused the Notice to issue. Relator surrendered his CHL within ten days, as directed in Respondent's Notice of Suspension.

---

[1] We quote and apply the version of R.C. 2923.128 in effect at the time of the Suspension Notice; however, application of the amended version effective March 27, 2013 would not change our analysis.

{¶5} Thereafter, through counsel, Relator delivered a letter to Respondent requesting that his unlawfully suspended CHL be returned or formal notice of revocation be given in compliance with Ohio law. Relator asserted that no disqualifying offense exists, there are no charges filed or pending, Relator is not subject to any protection order, and there is no adjudication of mental defect. The letter further noted that, after the January 5, 2013 incident relating to the consumption of alcohol, Relator immediately checked into a rehabilitation facility and successfully completed the program.

{¶6} The Henry County Prosecuting Attorney ultimately responded stating that it is Respondent's belief that Relator "appears to be a chronic alcoholic, which would place him under a disability to even possess firearms, let alone have a concealed handgun permit." To assist in the investigation and resolving the matter, Respondent requested a Release from Relator authorizing the rehabilitation facility to provide information on Relator's "alcoholic issues."

{¶7} Relator's response and final demand declined the request for a Release to review confidential medical records, for having no basis in law, and stated that the reasons given for the indefinite suspension of Relator's CHL are found nowhere in R.C. 2923.128. Relator asserted that Respondent lacks authority to unilaterally declare him to be a chronic alcoholic and indefinitely suspend his

lawfully granted CHL, all without right to a hearing, due process or appeal. As such, alleging the indefinite suspension to be a willful violation of state law, Relator demanded that the CHL be returned or a writ of mandamus would be pursued. The CHL was not returned and, with no further correspondence, this action was filed.

{¶8} To be entitled to the requested writ of mandamus, Relator must establish a clear legal right to the return of his CHL, a clear legal duty on the part of Respondent to return the CHL, and the lack of an adequate remedy in the ordinary course of the law. See *State ex rel. Blandin v. Beck*, 114 Ohio St.3d 455, 2007-Ohio-4562.

{¶9} In this matter, the parties have included as part of their Joint Statement of Facts and Evidence that, because Relator's CHL was indefinitely suspended and not revoked, there is no plain and adequate remedy available for Relator to recover the CHL. We agree and find further discussion on this point unnecessary. As such, we are left to determine whether Relator has a clear legal right to the return of his CHL and if Respondent has a clear legal duty to return the CHL, both of which turn on the validity of the indefinite suspension.

{¶10} Respondent's "Notice of Suspension" claims to derive authority from

R.C. 2923.128(A)(3). R.C. 2923.128 in its entirety authorizes a county sheriff to either suspend or revoke a CHL based on specifically enumerated grounds, all of which relate to the permit holder being arrested, charged, or convicted of particular offenses; becoming subject to a protection order; or upon the sheriff becoming aware of an eligibility issue that was not disclosed or unknown when the license was issued. Importantly, in some circumstances, the statute also provides for an end-date to a suspension and return of a licensee's CHL upon termination of the criminal case or expiration of the protection order. It is clear and not disputed by Respondent that none of the specific grounds for suspension or even revocation of a CHL enumerated by the General Assembly in R.C. 2923.128 exist in this case.

{¶11} With no statutory authority, Respondent instead asserts in his trial brief that a CHL may be indefinitely suspended when there is reason to believe the licensee is a "chronic alcoholic," essentially by legal necessity, because a chronic alcoholic who carries, or uses a firearm is guilty of the offense of Having Weapons While Under Disability, a felony of the third degree. See R.C. 2923.13(A)(4). Respondent asserts that returning the CHL he issued to Relator would, in effect, be facilitating the commission of a felony.

{¶12} In support, Respondent points to an Attorney General Opinion, 2004

Ohio Atty.Gen.Ops No. 2004-046, the syllabus of which provides:

> A county Sheriff is not required to issue a license to carry a concealed handgun under R.C. 2923.125 to a person when the sheriff has reason to believe the person is in danger of becoming a drug dependent person or a chronic alcoholic.

{¶13} First, as noted by the Ohio Supreme Court, "Attorney General Opinions are not binding on courts; at best, they are persuasive authority." *State ex rel. v. Van Dyke v. Pub. Emps. Retirement Bd.*, 99 Ohio St.3d 430, 2003-Ohio-4123, ¶ 40. In this instance, regardless of whether we agree with the Attorney General Opinion, we find it neither applicable nor persuasive.

{¶14} Unlike the Attorney General Opinion, Respondent *already* issued a CHL to Relator, almost two years prior. As such, the only action in the instant case that could be taken by Respondent was suspension or revocation of the previously issued license. We believe it improper and unnecessary to mine the Ohio Revised Code for "legislative intent" to justify disregarding the clear, mandatory language of a statute. As indicated above, the General Assembly set forth specific triggering events that permit a county Sheriff to suspend or revoke a CHL and included a degree of due process by requiring proper notice, a limited right to contest [R.C. 2923.128(B)(2)], and the circumstances and timing for when

the CHL suspension must terminate.  The belief that a licensee may be a chronic alcoholic was not included as a triggering event to suspend and we decline to cross the line of separation of powers to "interpret" the statute to find what does not otherwise exist.  Consequently, the indefinite suspension of Relator's CHL, with no statutory or other legal grounds was not proper, and Respondent's argument as to why he is precluded from returning the license is entirely misplaced.

{¶15} We find no merit to Respondent's assertion that he would "facilitate" the commission of a felony by returning Relator's unlawfully suspended CHL. There can be no facilitation of the Weapons Under Disability offense because Relator's possession of a CHL, even if Respondent believes Relator may be a chronic alcoholic, is alone not a violation of R.C. 2923.13.  A violation requires that a CHL holder actually is a chronic alcoholic and that he knowingly acquire, have, carry or use a firearm or dangerous ordinance.  See R.C. 2923.13(A)(4). Importantly, each element of the offense, including that the licensee is a chronic alcoholic, would have to be proven beyond a reasonable doubt.  See *State v. Semenchuk*, 122 Ohio App.3d 30 (1977).  Similar to an alcohol-impaired person in possession of a valid driver's license, far more than just possession of the license

is necessary to violate the law.

{¶16} Accordingly, we find that Relator has established his entitlement to the requested extraordinary relief and a writ of mandamus shall issue compelling Respondent to immediately return to Relator his improperly suspended concealed handgun license.

{¶17} Therefore, Respondent be, and hereby is, **ORDERED** to immediately return to Relator his improperly suspended concealed handgun license. Relator's request for attorney fees is denied and costs of this action are assessed to Respondent.

{¶18} **Writ of Mandamus Granted**.

/S/  JOHN R. WILLAMOWSKI
JUDGE

/S/  RICHARD M. ROGERS
JUDGE

/S/  STEPHEN R. SHAW
JUDGE

DATED:  September 2, 2014

/jlr