[Cite as *State v. Cousino*, 2018-Ohio-2589.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
SANDUSKY COUNTY

State of Ohio                                          Court of Appeals No. S-17-033

       Appellee                                    Trial Court No. 17 CR 157

v.

Thomas A. Cousino                              **DECISION AND JUDGMENT**

       Appellant                                    Decided:  June 29, 2018

* * * * *

Timothy Braun, Sandusky County Prosecuting Attorney, and
Mark E. Mulligan, Assistant Prosecuting Attorney, for appellee.

Jon M. Ickes, for appellant.

* * * * *

**MAYLE, P.J.**

{¶ 1} Defendant-appellant, Thomas A. Cousino, appeals the August 28, 2017 judgment of the Sandusky County Court of Common Pleas, convicting him of numerous sexual offenses and sentencing him to an aggregate prison term of 13 years.  For the reasons that follow, we reverse the trial court judgment.

## I. Background

{¶ 2} On March 6, 2017, 47-year-old Thomas Cousino was indicted on three counts of rape, violations of R.C. 2907.02(A)(1)(a); one count of sexual battery, a violation of R.C. 2907.03(A)(5); and one count of gross sexual imposition, a violation of R.C. 2907.05(A)(1). These charges arose from Cousino's sexual abuse of 17-year-old foreign exchange student, Y.D., whom he and his wife hosted from Ukraine. While Y.D.'s allegations of sexual abuse were being investigated, Cousino was found to be in possession of a number of pornographic videos and images of children, leading to his indictment on 20 counts of pandering sexually-oriented material involving a minor, violations of R.C. 2907.322(A)(1).

{¶ 3} On July 14, 2017, Cousino entered a plea of guilty to sexual battery (Count 4), gross sexual imposition (Count 5), and two counts of pandering sexually-oriented material involving a minor (Counts 6 and 7). On August 22, 2017, the trial court sentenced him to 60 months in prison and a fine of $1,500 on Count 4; 18 months in prison and a fine of $1,000 on Count 5; eight years in prison and a fine of $1,500 on Count 6; and eight years in prison and a fine of $1,500 on Count 7. The court ordered that the sentences imposed for Counts 4 and 5 be served concurrently to each other, that the sentences imposed for Counts 6 and 7 be served concurrently to each other, and that the sentences imposed for Counts 4 and 5 be served consecutively to the sentences imposed for Counts 6 and 7. This resulted in an aggregate prison term of 13 years. This sentence was memorialized in a judgment entry journalized on August 28, 2017.

2.

**{¶ 4}** Cousino appealed and assigns a single error for our review:

The trial court failed to make the requisite findings under Ohio Revised Code Section 2929.14(C)(4) justifying the imposition of consecutive sentences on the Appellant.

## II.  Law and Analysis

**{¶ 5}** Cousino challenges the trial court's decision to impose consecutive sentences.  He argues that the court failed to make the findings required by R.C. 2929.14(C)(4) to justify the imposition of consecutive sentences.[1]

**{¶ 6}** R.C. 2929.14(C)(4) provides as follows:

If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

---

[1] Although not acknowledged by either Cousino or the state, Cousino failed to raise this objection in the trial court.  He has, therefore, waived all but plain error.  *See State v. Ross*, 2017-Ohio-675, 85 N.E.3d 398, ¶ 29 (6th Dist.).  Ohio courts have recognized, however, that "when the record demonstrates that the trial court failed to make the findings required by R.C. 2929.14(C)(4) before imposing consecutive sentences on multiple offenses, appellant's sentence is contrary to law and constitutes plain error." (Internal quotations and citations omitted.)  *State v. Adams*, 10th Dist. Franklin No. 13AP-783, 2014-Ohio-1809, ¶ 7.

3.

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 7} The Ohio Supreme Court recently reiterated that this statute requires the trial court to make three statutory findings before imposing consecutive sentences. *State v. Beasley*, Slip Opinion No. 2018-Ohio-493, ¶ 252; *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 26. It must find (1) that consecutive sentences are necessary to protect the public or to punish the offender; (2) that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger that the offender poses to the public; and (3) that R.C. 2929.14(C)(4)(a), (b), or (c) is applicable. *Beasley* at ¶ 252. "[T]he trial court must make the requisite findings *both* at the sentencing hearing and in the sentencing entry." (Emphasis in original.) *Id.* at ¶ 253,

4.

citing *Bonnell* at ¶ 37. While "a word-for-word recitation of the language of the statute is not required," a reviewing court must be able to discern that the trial court engaged in the correct analysis and the record must contain evidence to support the trial court's findings. *Bonnell* at ¶ 29.

**{¶ 8}** At the sentencing hearing, the trial court explained its reasons for imposing consecutive sentences:

> I'm going to impose the maximum sentence, and in line with the principles of sentencing, I am going to make that consecutive to the eight years that the Court imposed for the charge of pandering involving a juvenile. The Court does find that it's necessary. It's not disproportionate. It's necessary to protect the public. It is necessary to send a message that this will not be tolerated, not just in this County, but in this country. The offenses were so different, even though they were, perhaps, committed at or about the same time, that the Court feels that it would de – demean the conviction for sexual battery to run at the same time as a conviction for pandering sexually oriented material involving this. The Court just feels that it does not have a choice but to make the sentences consecutive and maximum.

**{¶ 9}** Its August 28, 2017 sentencing entry includes the following explanation for its decision to impose consecutive sentences:

5.

The Court finds in order to adequately punish the defendant and to protect the public and after considering the harm caused by the commission of the offenses in **COUNTS 4 & 5** was so great that no single prison term for any of the offenses committed adequately reflects the seriousness of the defendant's conduct that the sentences imposed in **COUNTS 4 & 5** shall be served **CONSECUTIVELY** to the sentences imposed in **COUNTS 6 & 7** for an **AGGREGATE TERMS** of 13 YEARS.  (Emphasis in original.)

{¶ 10} We review felony sentences under R.C. 2953.08(G)(2).  *State v. Goings*, 6th Dist. Lucas No. L-13-1103, 2014-Ohio-2322, ¶ 20.  We may increase, modify, or vacate and remand a judgment only if we clearly and convincingly find that:  (1) "the record does not support the sentencing court's findings under division * * * (C)(4) of section 2929.14, * * *" or (2) "the sentence is otherwise contrary to law."  *Id*., citing R.C. 2953.08(G)(2).  The imposition of consecutive sentences without the requisite findings renders the sentence contrary to law.  *See Bonnell* at ¶ 37; *State v. Kubat*, 6th Dist. Sandusky No. S-13-046, 2015-Ohio-4062, ¶ 35.  We, therefore, review the record to ensure that the trial court considered each factor under R.C. 2929.14(C)(4) before sentencing Cousino to consecutive prison terms.

{¶ 11} As to the first statutory factor—that consecutive sentences are necessary to protect the public or to punish the offender—the trial court found at the sentencing hearing that consecutive sentences were "necessary to protect the public."  This was also

6.

included in its sentencing entry. We find that the first factor was properly considered by the trial court.

{¶ 12} As to the second statutory factor—that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger that the offender poses to the public—the trial court found at the sentencing hearing that the sentences were "not disproportionate." To satisfy R.C. 2929.14(C)(4), the consecutive sentences must not be disproportionate "to the seriousness of the offender's conduct and to the danger the offender poses to the public." It is not clear from the record that these were the factors weighed by the trial court. Moreover, this finding is not reflected in the sentencing entry. We cannot say, therefore, that the trial court properly considered the second R.C. 2929.14(C)(4) factor.

{¶ 13} And as to the third statutory factor—a finding that either R.C. 2929.14(C)(4)(a), (b), or (c) is applicable—it appears that the trial court found (b) to apply, however, the court never explicitly cited this provision of the statute. Under (b), the court must find, first, that at least two of the multiple offenses were committed as part of one or more courses of conduct, and, second, that the harm caused was so great or unusual that no single prison term adequately reflects the seriousness of the offender's conduct. The trial court found at the hearing that "[t]he offenses were so different, even though they were, perhaps, committed at or about the same time." We cannot say that this constituted a finding that "at least two of the multiple offenses were committed as part of one or more courses of conduct." What's more, this finding is not incorporated

7.

into the court's sentencing entry.  As to the second finding required under (b)—that the harm caused was so great or unusual that no single prison term adequately reflects the seriousness of the offender's conduct—the court made this finding in its sentencing entry, but did not do so at the sentencing hearing.  We cannot say, therefore, that the third R.C. 2929.14(C)(4) factor was properly considered.

{¶ 14} "[A] trial court's inadvertent failure to incorporate the statutory findings in the sentencing entry after properly making those findings at the sentencing hearing does not render the sentence contrary to law; rather, such a clerical mistake may be corrected by the court through a *nunc pro tunc* entry to reflect what actually occurred in open court."  *Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, at ¶ 30.  In other words, if the appropriate findings were made at the sentencing hearing but were not incorporated into the sentencing entry, we could remand this matter for a nunc pro tunc entry to rectify the mistake.

{¶ 15} Here, however, there were some findings made at the sentencing hearing that were not incorporated into the judgment entry, but there were also findings that were not made at all at the sentencing hearing.  These errors cannot be corrected by a nunc pro tunc entry.  Rather, we must reverse the trial court judgment and remand for a new sentencing hearing.  *See Kubat*, 6th Dist. Sandusky No. S-13-046, 2015-Ohio-4062, at ¶ 38, quoting *State v. Corker*, 10th Dist. Franklin Nos. 13AP-264, 13AP- 265 and 13AP-266, 2013-Ohio-5446, ¶ 38 ("'[W]hen the trial court fails to articulate the appropriate findings required by R.C. 2929.14(C)(4), the case is to be remanded for the trial judge to

8.

consider whether consecutive sentences are appropriate under [R.C. 2929.14(C)(4)] and, if so, to enter the proper findings on the record.'").

{¶ 16} Accordingly, we find Cousino's sole assignment of error well-taken.

### III.  Conclusion

{¶ 17} We find Cousino's sole assignment of error well-taken.  The trial court failed to properly consider the second and third factors required under R.C. 2929.14(C)(4) before imposing consecutive sentences.  We, therefore, reverse the August 28, 2017 judgment of the Sandusky County Court of Common Pleas and remand for resentencing.  Appellee is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment reversed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.                      _____

JUDGE

Arlene Singer, J.                         

Christine E. Mayle, P.J.           _____

CONCUR.                                  JUDGE

_____

JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.