[Cite as *State v. Holloway*, 2021-Ohio-1843.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio

    Appellant

v.

Travis Shantell-Duane Holloway

    Appellee

Court of Appeals No. WD-20-021

Trial Court No. 2017CR0076

**DECISION AND JUDGMENT**

Decided: May 28, 2021

* * * * *

Paul A. Dobson, Wood County Prosecuting Attorney, David T. Harold
and James A. Hoppenjans, Assistant Prosecuting Attorneys, for appellant.

Edward J. Stechschulte, for appellant.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an appeal from the judgment of the Wood County Court of Common

Pleas, which granted the motion to return seized property by appellee, Travis Shantell-

Duane Holloway. For the reasons set forth below, this court affirms, in part, and

reverses, in part, the judgment of the trial court.

## I. Background

{¶ 2} On February 16, 2017, a Wood County Grand Jury indicted appellee for trafficking in cocaine, a second-degree felony violation of R.C. 2925.03(A)(1) and (C)(4)(e). Appellant, state of Ohio, alleged that on January 31, 2017, appellee and other codefendants illegally offered cocaine for sale. On March 17, 2017, appellee entered a plea of not guilty. Discovery ensued between the parties, and on April 13, 2017, appellant moved pursuant to Crim.R. 48 to dismiss the charge against appellee without prejudice "due to evidentiary reasons." The trial court immediately granted dismissal.

{¶ 3} Then on December 19, 2019, appellee filed a pro se "Motion to Return Property and Proceeds Seized in Case Dismissed by State." Appellee argued he was entitled to the return of "all of the items of property, and money" seized by officers from the village of Bradner police department, located in Wood County, Ohio, in the now-dismissed criminal case. The trial court heard the motion on January 24, 2020. At the hearing appellant argued the trial court lacked jurisdiction to hear the motion because the underlying case was dismissed. Appellant also raised res judicata by informing the trial court that five months earlier the Bowling Green Municipal Court ordered the disposal of the disputed property. Bowling Green Municipal Court has territorial jurisdiction over the village of Bradner, and the Bradner police department applied to that municipal court for authorization to dispose of the property seized on January 31, 2017, among many other investigations. Appellant also argued the Bradner police department sent appellee written notice prior to the trial court's disposal order in compliance with R.C.

2.

2981.11(C). Appellee responded that he did not receive the notice. There was evidence appellee was notified by mail, and no indication the letter was returned as undeliverable. The trial court took the matter under advisement.

{¶ 4} As journalized on February 11, 2020, the trial court made a number of findings and granted appellee's motion. Appellant admitted at the hearing that the Bradner police department seized appellee's cell phone and cash as part of the arrest and investigation of appellee on January 31, 2017. Appellant further admitted, "it had dismissed the charges from that incident and had no intention of filing any further charges." The trial court determined it had jurisdiction over "a motion filed in a dismissed criminal case, with a request to return seized property." The trial court further determined it had jurisdiction because "the property had not been disposed of pursuant to any other order." The Bradner police department's application to the Bowling Green Municipal Court was made pursuant to R.C. 2981.12, and the municipal court's August 15, 2019 order attached the police report that listed the "cell phone and money requested by the Defendant." The trial court then determined that appellee's property "is not subject to the * * * order" because that property "is neither unclaimed nor forfeited" as required by R.C. 2981.12 nor "forfeited as contraband, proceeds or an instrumentality" as required by R.C. 2981.13. The trial court then ordered "the Village of Bradner Police Department return to the Defendant $1,323.00 (sic.) in cash and a Silver and Black LG cell phone with black protection case and blue protection skin as described in pages 11

3.

and 12 of Bradner Report number 17-2030-0, both of which were seized on January 31, 2017 from Defendant."

{¶ 5} Appellant appealed the trial court's judgment entry pursuant to R.C. 2945.67(A) on March 3, 2020. Then on March 6, 2020, appellant sought a motion to stay execution of judgment pending appeal pursuant to App.R. 7 and Civ.R. 62 and attached a number of documents from the municipal court's property-disposal proceeding. According to the record, the trial court has yet to rule on appellant's motion, and the merits of this appeal could be rendered moot if the February 11, 2020 judgment were fully executed. *Hagood v. Gail*, 105 Ohio App.3d 780, 790, 664 N.E.2d 1373 (11th Dist.1995).

{¶ 6} Appellant filed this appeal setting forth three assignments of error:

I. The trial court did not have jurisdiction or authority to order the return of property where the subject property was previously disposed of by order of the municipal court.

II. The trial court could not sit as a de facto appellate court by reviewing and effectively vacating the order of the municipal court.

III. The trial court could not render factual findings on disputed factual issues without holding an evidentiary hearing.

## II. Jurisdiction

{¶ 7} In support of its first assignment of error, appellant argues the trial court lacked jurisdiction to vacate a valid order rendered by the Bowling Green Municipal

4.

Court. Appellant argues the trial court's order compelling appellant to return the seized property after the municipal court had already ordered the disposal of the same seized property was barred by res judicata. Appellant further argues appellee's proper recourse was to appeal the municipal court's order.

{¶ 8} In response, appellee argues the trial court had jurisdiction over the lawfully seized property. Appellee argues the municipal court's order allegedly disposing of the seized property pursuant to R.C. 2981.12 was void. Appellee further argues appellant waived the affirmative defense of res judicata by failing to raise it before the trial court.

## A. Standard of Review

{¶ 9} "'Jurisdiction' means 'the court's statutory or constitutional power to adjudicate the case.' The term encompasses jurisdiction over the subject matter and over the person. * * * 'If a court acts without jurisdiction, then any proclamation by that court is void.'" (Citations omitted.) *Pratts v. Hurley*, 102 Ohio St.3d 81, 2004-Ohio-1980, 806 N.E.2d 992, ¶ 11. Subject-matter jurisdiction, which goes to the power of the trial court to adjudicate the merits of a case, may be challenged at any time. *Id.* We review de novo the question of law whether a trial court had subject-matter jurisdiction. *Cirino v. Ohio Bur. of Workers' Comp.*, 153 Ohio St.3d 333, 2018-Ohio-2665, 106 N.E.3d 41, ¶ 17. Our de novo review gives no deference to the trial court. *Sullivan v. Sullivan*, 6th Dist. Lucas No. L-09-1022, 2010-Ohio-3064, ¶ 14.

5.

## B. Common Pleas Court

{¶ 10} The Ohio Supreme Court "has long held that the common pleas court is a court of general jurisdiction, with subject-matter jurisdiction that extends to 'all matters at law and in equity that are not denied to it.'" (Citations omitted.) *Bank of Am., N.A. v. Kuchta*, 141 Ohio St.3d 75, 2014-Ohio-4275, 21 N.E.3d 1040, ¶ 20; Ohio Constitution, Article IV, Section 4(B). "A court's subject matter jurisdiction is determined without regard to the rights of the individual parties involved in a particular case." *Id.* at ¶ 18.

## C. Motion for Return of Seized Property

{¶ 11} Appellee's pro se "Motion to Return Property and Proceeds Seized in Case Dismissed by State" states in its entirety that he "respectfully requests this Honorable Court to order the return and release [of] all of the items of property, and money that were seized by detectives in the above captioned case. This case was dismissed by the State of Ohio * * * on April 13, 2017." We review appellee's motion in three ways.

## 1. Replevin

{¶ 12} The Ohio Supreme Court guides us that a civil action in replevin is "[t]he proper action to reclaim possession of property based on an unlawful seizure or detention." *State ex rel. Johnson v. Kral*, 153 Ohio St.3d 231, 2018-Ohio-2382, 103 N.E.3d 814, ¶ 5, quoting *State ex rel. Jividen v. Toledo Police Dept.*, 112 Ohio App.3d 458, 459, 679 N.E.2d 34 (6th Dist.1996); *State ex rel. Blandin v. Beck*, 114 Ohio St.3d 455, 2007-Ohio-4562, 872 N.E.2d 1232, ¶ 18; *State ex rel. Harris v. Toledo*, 74 Ohio St.3d 36, 38, 656 N.E.2d 334 (1995). "A writ of replevin enforces a legal right of

6.

immediate possession of specific property, which is granted to one who has a right to that immediate possession against another who is holding the property wrongfully or unlawfully." *Jividen* at 459.

{¶ 13} Appellee's short motion filed in his criminal case is not a civil action in replevin under R.C. 2737. R.C. 2737.02; *McNabb v. Ottawa Cty. Commrs.*, 6th Dist. Ottawa No. OT-17-036, 2019-Ohio-1487, ¶ 32. "Replevin is solely a statutory remedy in Ohio. It is an action at law, not in equity and, therefore, a court cannot provide remedies not specifically enumerated by statute. R.C. Chapter 2737, in clear and unambiguous language, states that replevin is a prejudgment remedy that is available only if specific procedures are followed." *Am. Rents v. Crawley*, 77 Ohio App.3d 801, 804, 603 N.E.2d 1079 (10th Dist.1991).

{¶ 14} Even if we construe appellee's motion as a civil action in replevin, pursuant to R.C. 2737.03(A) through (G) his motion fails to meet his initial burden to include the necessary affidavit with the required evidentiary support. In particular, appellee fails to show how his alleged property was unlawfully seized or detained. "It is axiomatic that a plaintiff in an action in replevin must prevail upon the strength of his own right to possession and cannot prevail upon the weakness of the defendant's right to possession." *Atlantic Fin. Co. v. Fisher*, 173 Ohio St. 387, 388-89, 183 N.E.2d 135 (1962).

{¶ 15} We find appellee's motion in his criminal case does not constitute a civil action in replevin. "Replevin, however, is not the *exclusive* method for seeking the return of seized property." *State v. Castagnola*, 9th Dist. Summit No. 29141, 2020-Ohio-1096,

7.

¶ 15, citing *State v. White*, 2d Dist. No. 2017-CA-28, 2018-Ohio-2573, ¶ 21; *State v. Housley*, 2d Dist. Miami No. 2018-CA-4, 2018-Ohio-4140, ¶ 7, fn 3, citing *White* at ¶ 23.

## 2. Property Subject to Forfeiture

{¶ 16} Another method for seeking the return of seized property is through a statutory forfeiture process. The trial court's judgment entry specifically found that:

> The property sought by Defendant is neither unclaimed nor forfeited.
> * * * Further, even if it is claimed that the property was subject to R.C.
> 2981.13, that section only applies to "property ordered forfeited as
> contraband, proceeds, or an instrumentality," which equally does not apply
> to the property requested by the Defendant in this case. Therefore, the
> order of the Bowling Green Municipal Court has no application to the
> property sought by Defendant in this case.

{¶ 17} We agree with the trial court that no formal criminal or civil forfeiture proceedings are in the record. The indictment for trafficking in cocaine also did not contain a forfeiture specification pursuant to R.C. 2941.1417 and 2981.04(A)(1). "We have held that the Chapter 2981 forfeiture statutes must be strictly construed and applied." *Erie Cty. Sheriff's Office v. Lacy*, 6th Dist. Erie No. E-14-022, 2015-Ohio-72, ¶ 20. "[S]trict compliance with the statutory [forfeiture] requirements is necessary to invoke the subject-matter jurisdiction of the trial court." *Id.* at ¶ 22. No forfeiture process is in the record.

8.

To pursue forfeiture of an offender's property, Chapter 2981 creates both a criminal process under R.C. 2981.04 and a civil process under R.C. 2981.05. R.C. 2981.03(F) allows the prosecutor to elect either process. Where the commission of an offense has entitled a law-enforcement agency to seize and hold "property subject to forfeiture," [R.C. 2981.03(F)] also mandates that if "a criminal forfeiture has *not* begun under section 2981.04 * * *, the prosecutor * * * shall commence a civil action to forfeit that property under section 2981.05[.]"

*State v. Brimacombe*, 195 Ohio App.3d 524, 2011-Ohio-5032, 960 N.E.2d 1042, ¶ 34 (6th Dist.).

{¶ 18} This court has previously determined that the state does not exercise any jurisdiction over seized property where there is no evidence in the record of the state instituting a timely civil or criminal forfeiture proceeding. *State v. McCoy*, 6th Dist. Wood No. WD-00-028, 2001 WL 42210, *2 (Jan. 19, 2001) (construing former R.C. 2933.43(C)); *Brimacombe* at ¶ 66.

{¶ 19} We find appellee's motion was not in response to either a civil or criminal forfeiture proceeding. Appellee argues that the municipal court's judgment is not a valid judgment on the merits because the Bradner police department is not a political subdivision capable of initiating a Chapter 2981 forfeiture proceeding, citing *In re Forfeiture of Property of Louis*, 2d Dist. No. 23621, 187 Ohio App.3d 504, 2010-Ohio-1792, 932 N.E.2d 924, ¶ 37. We would agree, if the record showed the Bradner police

9.

department initiated either a civil or criminal forfeiture proceeding. Since the record does not show such forfeiture proceedings, it is not relevant if the Bradner police department is not a political subdivision. Because we find appellee's motion is not part of any criminal or civil forfeiture proceeding, the Chapter 2981 statutory mandates regarding forfeiture proceedings do not apply.

### 3. Postdismissal Motion

{¶ 20} A third avenue of review is as a postdismissal motion.

{¶ 21} "[C]ourts routinely address postconviction motions for the return of seized property, including in criminal cases after the charges have been dismissed." *Flores v. Kelsey*, 6th Dist. Wood No. WD-18-065, 2018-Ohio-3886, ¶ 4; *White*, 2d Dist. No. 2017-CA-28, 2018-Ohio-2573, 115 N.E.3d 878, at ¶ 22; *Castagnola*, 9th Dist. Summit No. 29141, 2020-Ohio-1096, at ¶ 16, citing *State v. Harris*, 10th Dist. Franklin No. 99AP-684, 2000 WL 249161, *2-3 (Mar. 7, 2000); *State v. Bolton*, 2d Dist. No. 27154, 2017-Ohio-7263, 97 N.E.3d 37, ¶ 17, citing *State v. Harris,* 132 Ohio St.3d 318, 2012-Ohio-1908, 972 N.E.2d 509, ¶ 33 and R.C. 2981.03(F); *State v. Williams*, 12th Dist. Warren No. CA2017-07-106, 2018-Ohio-226, ¶ 15.

{¶ 22} One type of postdismissal motion is pursuant to R.C. 2981.03(A)(4), which states, "A person aggrieved by an alleged unlawful seizure of property may seek relief from the seizure by filing a motion in the appropriate court that shows the person's interest in the property, states why the seizure was unlawful, and requests the property's return." However, appellee's "Motion to Return Property and Proceeds Seized in Case

10.

Dismissed by State" does not comply with the foregoing requirements. For example, his motion is silent as to how the seizure of his alleged cell phone and cash by law enforcement was unlawful at the time he was arrested for trafficking in cocaine. *White* at ¶ 19.

{¶ 23} Since there is no evidence in the record that the property seized by the Bradner police department was done unlawfully, we are left to impermissibly speculate that appellee alleged ownership over lawfully seized property that became unlawfully detained after the trial court's dismissal of the criminal case against him. No speculation is required, however, because the trial court's dismissal of the criminal case was without prejudice, and R.C. 2981.11(A)(1) authorized the continued custody of the lawfully seized property. *See State v. Rivera*, 6th Dist. Lucas No. L-13-1170, 2014-Ohio-742, ¶ 9; *State v. Bolton*, 2d Dist. No. 27463, 2017-Ohio-8903, 100 N.E.3d 1275, ¶ 17; *City of Cleveland v. Primm*, 8th Dist. Cuyahoga No. 104963, 2017-Ohio-7242, ¶ 8.

{¶ 24} Another type of postdismissal motion is pursuant to R.C. 2981.11(A)(1). "'Any property that has been * * * lawfully seized * * * and that is in the custody of a law enforcement agency shall be kept safely by the agency, pending the time it no longer is needed as evidence or for another lawful purpose, and shall be disposed of pursuant to sections 2981.12 and 2981.13 of the Revised Code.'" *Rivera* at ¶ 5, quoting R.C. 2981.11(A)(1). Although R.C. 2981.11(A)(1) is part of the law of forfeiture, it is applicable to any property lawfully seized and held prior to its final disposition. *State v. Bates*, 6th Dist. Williams No. WM-11-007, 2012-Ohio-1397, ¶ 14. "Thus, even in the

11.

absence of a forfeiture proceeding, a court may permit the state to retain lawfully-seized property '[i]f, during consideration of a motion for return of property, the court properly finds that seized property is being held for evidence or as part of an ongoing investigation[.]'" *State v. Germany*, 1st Dist. Hamilton No. C-130777, 2014-Ohio-3202, ¶ 11, quoting *Bates* at ¶ 15.

{¶ 25} In its August 15, 2019 judgment entry, the municipal court merely stated, "The application is granted and within 14 days hereafter, you shall dispose of the property as stated in the application and make your return, all in accordance with Ohio law." The Bradner police department's application to the municipal court sought "to dispose of the property on the attached list * * * that is related to property turned in as evidence. * * * Some articles of evidence belong to victims/owners and officers will attempt to locate the legitimate owner of the property and return it. If such return is unsuccessful, [the police department] will cause the disposition of the items pursuant to R.C. §2981.12." The property list, involving many other criminal investigations, itemizes $1,320 in cash seized from appellee, but does not clearly identify which cell phone was seized from him, although the trial court reasoned that one of three cell phones seized in the underlying cocaine trafficking investigation was appellee's.

{¶ 26} We disagree, however, with the trial court that R.C. 2981.12 does not apply to appellee's motion. R.C. 2981.12 authorizes the disposal of the "unclaimed property" lawfully seized by, and in the custody of, a law enforcement agency. "Law enforcement agency" need not be a political subdivision, and the Bradner police department meets the

12.

definition of a "law enforcement agency" for purposes of R.C. 2981.11(A). R.C. 2981.01(B)(7); *Rivera* at ¶ 4-6; *see Dayton Police Dept. v. Grigsby*, 2d Dist. Montgomery No. 23362, 2010-Ohio-2504, ¶ 4 and 10; *see also Dayton Police Dept. v. Thomas*, 2d Dist. Montgomery No. 23289, 2010-Ohio-1506, ¶ 15.

{¶ 27} In particular, "[u]nclaimed or forfeited property that is not described in [R.C 2981.12(A)] or [R.C. 2981.11(A)(2)], with court approval, may be used by the law enforcement agency in possession of it. If it is not used by the agency, it may be sold without appraisal at a public auction to the highest bidder for cash or disposed of in another manner that the court considers proper." R.C. 2981.12(B). On August 15, 2019, the municipal court ordered the disposal, "in accordance with Ohio law," of the litany of unclaimed or forfeited property presented in the Bradner police department's lengthy application.

{¶ 28} "Unclaimed property" is not defined by R.C. 2981, nor by its predecessor R.C. 2933.41 to 2933.44. *See Brimacombe*, 195 Ohio App.3d 524, 2011-Ohio-5032, 960 N.E.2d 1042, at ¶ 33. However, the Fourth District Court of Appeals attempted to define that term under former R.C. 2933.41(D)[1] by rejecting the simplistic definition that "unclaimed property" means no conceivable claim to the property has been made.

---

[1] Former R.C. 2933.41(D) read, "Unclaimed or forfeited property in the custody of a law enforcement agency, other than contraband that is subject to the provisions of [R.C. 2913.34 or 2933.43], other than property forfeited under [R.C. 2923.44 to 2923.47 or 2925.41 to 2925.45], and other than property that has been lawfully seized in relation to a violation of [R.C. 2923.32], shall be disposed of on application to and order of any court

13.

To interpret R.C. 2933.41(D) [now *see* R.C. 2981.12(A) and (B)] as appellant would have us would prevent property from being disposed of any time a person makes a claim no matter how frivolous the claim is. "It is an axiom of judicial interpretation that statutes be construed to avoid unreasonable or absurd consequences." A reasonable interpretation of "unclaimed" property is property to which no valid claim has been made. Therefore, the court below did not abuse its discretion when it applied R.C. 2933.41(D) even though appellant had made a claim.

*Dingess v. Hull*, 4th Dist. Scioto No. 1734, 1989 WL 62868, *2 (June 2, 1989), quoting *State ex rel. Dispatch Printing Co. v. Wells*, 18 Ohio St.3d 382, 384, 481 N.E.2d 632 (1985). We agree. Despite appellee's current claim, the municipal court did not have a valid claim before it from appellee when it ordered the disposal of seized property pursuant to R.C. 2981.12.

{¶ 29} For the foregoing reasons we find the trial court had subject-matter jurisdiction over appellee's postdismissal motion for return of seized property.

---

of record that has territorial jurisdiction over the political subdivision in which the law enforcement agency has jurisdiction to engage in law enforcement activities, as follows: * * *."

## 4. Res Judicata

{¶ 30} Appellant argues that the doctrine of res judicata applies to the trial court's ruling on appellee's motion. We agree, but that doctrine does not deny the trial court's subject-matter jurisdiction, as appellant argues.

{¶ 31} The Ohio Supreme Court instructs us that the doctrine of res judicata "is an affirmative defense that does not implicate a court's subject-matter jurisdiction." *Lycan v. Cleveland*, 146 Ohio St.3d 29, 2016-Ohio-422, 51 N.E.3d 593, ¶ 30. Res judicata does not divest the second tribunal of jurisdiction to decide the validity of that affirmative defense. *Whitehall ex rel. Wolfe v. Ohio Civ. Rights Comm.*, 74 Ohio St.3d 120, 122, 656 N.E.2d 684 (1995); *State ex rel. Lipinski v. Cuyahoga Cty. Court of Common Pleas, Prob. Div.*, 74 Ohio St.3d 19, 21, 655 N.E.2d 1303 (1995).

> In Ohio, "[t]he doctrine of res judicata encompasses the two related concepts of claim preclusion, also known as res judicata or estoppel by judgment, and issue preclusion, also known as collateral estoppel." "Claim preclusion prevents subsequent actions, by the same parties or their privies, based upon any claim arising out of a transaction that was the subject matter of a previous action," whereas issue preclusion, or collateral estoppel, "precludes the relitigation, in a second action, of an issue that had been actually and necessarily litigated and determined in a prior action that was based on a different cause of action." (Citations omitted.)

*State ex rel. Nickoli v. Erie MetroParks*, 124 Ohio St.3d 449, 2010-Ohio-606, 923 N.E.2d 588, ¶ 21. Either claim preclusion or issue preclusion invokes the doctrine of res judicata. *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 381, 653 N.E.2d 226 (1995).

{¶ 32} If the affirmative defense of res judicata is not timely raised, the party has waived it. *Jim's Steak House, Inc. v. City of Cleveland*, 81 Ohio St.3d 18, 21, 688 N.E.2d 506 (1998). At the January 24, 2020 hearing on appellee's motion, appellant raised the issues of subject-matter jurisdiction and issue preclusion as a result of the municipal court's 2019 final judgment, and the trial court took the entire matter under advisement.

{¶ 33} We find that appellant's first assignment of error raises the res judicata doctrine through issue preclusion: that the trial court's order relitigated the issue of the disposal of appellee's property lawfully seized by a law enforcement agency that had been actually and necessarily litigated and determined in the prior municipal court action. "A judgment, in order to preclude either party from relitigating an issue, must be preclusive upon both. A prior judgment estops a party, or a person in privity with him, from subsequently relitigating the identical issue raised in the prior action." *Goodson v. McDonough Power Equip., Inc.*, 2 Ohio St.3d 193, 443 N.E.2d 978 (1983), paragraph one of the syllabus. The privity requirement means, "collateral estoppel can only be applied against parties who have had a proper 'full and fair' opportunity to litigate their claims." (Citation omitted.) *Id.* at 198. We "look * * * to the substance of the cause to determine the real parties in interest." *Id.* at 200. The burden is on the party asserting res judicata. *Id.* at 198. This court has previously recognized that, "'[a] valid, final

judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action.'" *Woodley v. Anderson*, 6th Dist. Lucas No. L-99-1093, 2000 WL 426190, *3 (Apr. 21, 2000), quoting *Grava* at syllabus. The doctrine "prevents parties or their privies from re-litigating facts, issues, or legal theories in a subsequent suit that were or might have been litigated in a prior suit." *Id.*

{¶ 34} We find that despite the trial court's subject-matter jurisdiction over appellee's motion for return of seized property pursuant to R.C. 2981.11, the doctrine of res judicata precluded appellant and appellee from relitigating the issue of the disposal (or return) of appellee's alleged property, which was the identical issue determined by the municipal court on August 15, 2019.

{¶ 35} Both appellant, before the trial court, and the Bradner police department, before the municipal court, are "law enforcement agencies" under R.C. 2981, and appellee is the same person, in both the municipal and trial courts, alleging return of his property lawfully seized by a law enforcement agency. The lawfully seized property is the identical property in both the municipal and trial court matters, and that property was sought to be disposed of pursuant to R.C. 2981.11 in both courts. R.C. 2981.11(A)(1) authorized the lawfully seized property in the custody of a law enforcement agency to be disposed of pursuant to either R.C. 2981.12 or 2981.13. The Bradner police department sought disposal of the lawfully seized property pursuant to R.C. 2981.12.

17.

{¶ 36} R.C. 2981.11(B) requires a law enforcement agency, like the Bradner police department, to have a written internal control policy regarding the property in its custody, and the record includes the Bradner police department's policy on "Inventory/Evidence" that complies the R.C. 2981.11(B) requirements. R.C. 2981.11(C) requires a law enforcement agency, like the Bradner police department, with custody of property to be disposed of pursuant to R.C. 2981.12, "to make a reasonable effort to locate persons entitled to possession of the property, to notify them of when and where it may be claimed, and to return the property to them at the earliest possible time." The record includes the July 26, 2019 letter to appellee notifying him that two-and-one-half years prior, he was arrested, and the case against him was subsequently dismissed, "and property belonging to you is set for destruction and disposal." The letter continued, "If you wish to reclaim this property contact the Bradner Police Department at 419.288.2222, please bring photo identification. We ask that you contact us to set up an appointment as soon as possible. If we fail to hear from you within one week the property will be disposed of." Appellee admitted at the January 24, 2020 hearing that at no time since his criminal case was dismissed in 2017 did he contact the Bradner police department for return of his property. The trial court was sympathetic to appellee's situation, "You know, Mr. Holloway, I understand your frustration. * * * [I]tems were taken from you and the case was dismissed, so legitimately you believe that you should have these items returned to you." At that time, the trial court was not yet certain regarding its subject-matter jurisdiction to order the return of the disputed items, "That

18.

[disposal] order was issued by the municipal court. Your, for lack of a better word, beef, is with the Village of Bradner and maybe the Bowling Green Municipal Court, not this Court." The record before us does not show any contact by appellee to the Bowling Green Municipal Court or to the Bradner police department.

{¶ 37} The record includes the August 13, 2019 disposal application made by the Bradner police department to the Bowling Green Municipal Court and the August 15, 2019 judgment entry by the municipal court granting the application and ordering "within 14 days hereafter, you shall dispose of the property as stated in the application and make your return, all in accordance with Ohio law." The record shows that on August 20, 2019, the Bradner police department showed in its return that it had disposed of the property as ordered.

{¶ 38} R.C. 2981.12(B) authorizes a law enforcement agency, like the Bradner police department, to use unclaimed property, like appellee's cash and cell phone, by court order either by its own department or "it may be sold without appraisal at a public auction to the highest bidder for cash or disposed of in another manner that the court considered proper." For example, the record contains evidence of a "GovDeals" auction of a lot of cell phones, presumably including appellee's. R.C. 2981.12(C) authorizes the Bradner police department to place any moneys from the sale of property disposed of pursuant the statute to be placed in the village of Bradner's general revenue fund.

{¶ 39} We find the record shows no irregularities in the municipal court's proceedings, and the law enforcement agency, the Bradner police department, fully

19.

complied with R.C. 2981.11. We find that the parties had a full and fair opportunity to litigate the issue of the disposal or return of appellee's alleged property, and the final judgment of the municipal court barred appellee from relitigating the identical issue before the trial court.

{¶ 40} We reviewed the record de novo and find the trial court had jurisdiction to decide appellee's "Motion to Return Property and Proceeds Seized in Case Dismissed by State." We further find the doctrine of issue preclusion was effectively raised at the January 24, 2020 hearing and acted to bar the trial court from granting appellee's motion where the municipal court had validly ordered the disposal of the disputed seized property in a final judgment.

{¶ 41} Appellant's first assignment of error is well-taken, in part, and not well-taken, in part.

### III. Appellate Review

{¶ 42} In support of its second assignment of error, appellant argues the trial court lacked jurisdiction "to sit as a de facto appellate court to review and effectively vacate" the municipal court's determinations. Appellant argues the trial court erred when it decided "to review the determination of a municipal court that shares territorial jurisdiction with [it]" by "essentially adopting an appellate posture, reviewing whether the subject property was unclaimed, as well as effectively vacating and reversing the municipal court's order for disposition of that property." Appellant argues the trial

court's determination that the seized property was unclaimed and/or forfeited "is a matter reserved for direct appeal."

{¶ 43} In response, appellee argues the trial court's "carefully crafted decision found that it had jurisdiction to reach a decision on the subject property." Appellee argues the trial court had concurrent jurisdiction with the municipal court over the seized property and was free to exercise its jurisdiction after determining "that the municipal court judgment had not disposed of the subject property."

> There are various scenarios in which a court might have jurisdiction over an issue that provides the court with the opportunity to declare the judgment of any other court to be void. For instance, in a proper case, a court may refuse to enforce the void judgment of another court or prevent a party from executing upon the judgment. But a void judgment does not by itself create a justiciable controversy that a court may seize upon and resolve. To be subject to collateral attack, the judgment must be relevant to the relief sought or to the enforcement of some right in a controversy properly before the court. And the fact that a judgment might be void certainly does not give every court the authority to directly reverse, vacate, or modify that judgment. (Citations omitted.)

*Lingo v. State*, 138 Ohio St.3d 427, 2014-Ohio-1052, 7 N.E.3d 1188, ¶ 47.

{¶ 44} Contrary to the trial court's opinion, the decision of the municipal court was not void. In light of our decision on appellant's first assignment of error, we find that appellant's second assignment of error is well-taken.

## IV. Evidentiary Hearing

{¶ 45} In support of its third assignment of error, appellant argues the trial court could not develop the findings of facts necessary to support its order without an evidentiary hearing. Appellant argues that "without factual development" the trial court could not determine the seized property "was not unclaimed."

{¶ 46} In response, appellee argues the trial court held a hearing on January 24, 2020. Appellee argues appellant attended the hearing and, in fact, presented evidence when it supplied the trial court with the August 15, 2019 municipal court order.

{¶ 47} We find the trial court held a hearing on January 24, 2020, and the hearing transcript is in the record. We previously determined that the record is devoid of any evidence that the seizure of appellee's alleged property was unlawful and that the issue before the trial court for the return of seized property was barred by the doctrine of res judicata per the prior, valid order of the municipal court.

{¶ 48} In light of our decision on appellant's first assignment of error, we find that appellant's third assignment of error is not well-taken.

22.

## V. Conclusion

**{¶ 49}** On consideration whereof, the judgment of the Wood County Court of Common Pleas is affirmed, in part, and reversed, in part, and remanded for the sole purpose of the trial court ruling on the appellant's motion to stay, filed on March 6, 2020. Appellant and appellee are ordered to equally pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed, in part,<br>
and reversed, in part.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J. _____

Thomas J. Osowik, J. _____

Gene A. Zmuda, P.J. _____
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.