[Cite as *State v. Cousino*, 2024-Ohio-114.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
SANDUSKY COUNTY


State of Ohio                                          Court of Appeals No.  S-23-013

      Appellee                                   Trial Court No.  17 CR 157

v.

Thomas A. Cousino                          **DECISION AND JUDGMENT**

      Appellant

* * * * *

Thomas A. Cousino, Pro se

* * * * *

**ZMUDA, J.**

## I.      Introduction

{¶ 1} Appellant, Thomas A. Cousino, appeals the March 13, 2023 judgment of the Sandusky County Court of Common Pleas, denying his motion for the return of seized property without a hearing.  For the following reasons, we affirm the trial court's judgment.

## II. Facts and Procedural Background

**{¶ 2}** On March 6, 2017, appellant was indicted on three counts of rape in violation of R.C. 2907.02(A)(1)(a), one count of sexual battery in violation of R.C. 2907.03(A)(5), and one count of gross sexual imposition in violation of R.C. 2907.05(A)(1). *State v. Cousino,* 6th Dist. Sandusky No. S-17-033, 2018-Ohio-2589, ¶ 2. During the investigation of that conduct, appellant was found to be in possession of a cell phone that contained pornographic videos and images of children. *Id.* He was subsequently indicted on 20 counts of pandering sexually-oriented material involving a minor in violation of R.C. 2907.322(A)(1). *Id.*

**{¶ 3}** On July 14, 2017, appellant entered a guilty plea to one count of sexual battery, one count of gross sexual imposition, and two counts of pandering sexually-oriented material involving a minor. *Id.* at ¶ 3. He was sentenced to an aggregate prison term of 13 years on August 28, 2017. *Id.* On June 29, 2018, we found error in the trial court's imposition of consecutive sentences and we remanded his case for a new sentencing. *Id.* at ¶ 17. That resentencing occurred on July 13, 2018. Appellant did not file a second appeal.

**{¶ 4}** On March 6, 2023, almost five years after his sentencing, and nearly six years after entering his guilty plea, appellant filed a "motion to request the return of property." In his motion, he asked the trial court to order the return of his previously-seized cell phone pursuant to R.C. 2981.03(A)(4). Appellant argued that the seizure of

2.

his cell phone during the course of the investigation was unlawful because his phone was allegedly collected without a search warrant. The trial court denied appellant's motion on March 13, 2023, without a response from the state, and without conducting a hearing.

### III. Assignment of Error

{¶ 5} Appellant appealed and asserts the following error for our review:

The trial court erred in denying appellant's R.C. 2981.03(A)(4) motion for return of property.

### IV. Law and Analysis

{¶ 6} In his brief, appellant accurately notes that there are three recognized methods through which a party may seek the return of property seized during a criminal investigation: (1) a civil replevin action, (2) a motion within an existing forfeiture proceeding, or (3) a postconviction motion for return of property, including a motion pursuant to R.C. 2981.03(A)(4) seeking the return of unlawfully seized property.[1] *State v. Holloway,* 6th Dist. Wood No. WD-21-021, 2021-Ohio-1843, ¶ 11-24. Appellant chose to seek the return of his property in the present action pursuant to R.C. 2981.03(A)(4). It is this selection that precludes him from succeeding in this appeal.

{¶ 7} R.C. 2981.03(A)(4) states "[a] person aggrieved by an alleged unlawful seizure of property may seek relief from the seizure by filing a motion in the appropriate

---

[1] R.C. 2981.11(A)(1) provides the framework for the return of lawfully seized property that is not subject to forfeiture.

3.

court that shows the person's interest in the property, states why the seizure was unlawful, and requests the property's return." If a motion meeting these requirements is filed "before an indictment, information, or a complaint seeking forfeiture of the property is filed, the court shall schedule a hearing on the motion not later than twenty-one days after it is filed." *Id.* If a motion is filed subsequent to the indictment, information, or forfeiture complaint, "the court shall treat the motion as a motion to suppress evidence." *Id.* Appellant argues that the trial court erred by denying his motion without conducting a hearing. As a result, he continues, he was denied the opportunity to receive a determination as to "whether or not [his] property was lawfully seized" and subject to return under R.C. 2981.03(A)(4). We disagree and find that appellant cannot allege that the seizure of his phone was unlawful in light of his guilty plea in the underlying criminal action.

{¶ 8} It is undisputed that on July 14, 2017, appellant entered a guilty plea to two counts of pandering sexually-oriented material involving a minor, in violation of R.C. 2907.322(A)(1). A defendant that voluntarily, knowingly, and intelligently enters a guilty plea with the assistance of counsel "may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the guilty plea." *State v. Fitzpatrick,* 102 Ohio St.3d 321, 2004-Ohio-3167, 810 N.E.2d 297, ¶ 78. The record shows that appellant was assisted by counsel in entering his plea and that he made no argument that his plea was anything other than voluntary, knowing, and intelligent.

4.

Appellant, then, is precluded from now arguing that his property was unlawfully seized in violation of his constitutional rights. *Id.*

{¶ 9} This conclusion conforms with the plain language of R.C. 2981.03(A)(4). In *State v. Bennett,* 5th Dist. Stark No. 2013CA00097, 2013-Ohio-4453, Bennett sought, and was denied, the return of certain personal property he alleged was unlawfully seized by the state. *Id.* at ¶ 5. Bennett filed his motion for return of property pursuant to R.C. 2981.03(A)(4), approximately five years after entering a guilty plea to the charged offenses. *Id.* The trial court denied his motion and he appealed. *Id.* at ¶ 7. The Fifth District Court of Appeals held that because R.C. 2981.03(A)(4) mandates that any motion filed "after an indictment, information, or a complaint seeking forfeiture of the property has been filed, the court shall treat the motion as a motion to suppress evidence," that Bennett waived his right to file such a motion after his guilty plea. *Id.* at ¶ 10, citing *State v. Elliott,* 86 Ohio App.3d 792, 621 N.E.2d 1272 (12th Dist.1993); *See also Fitzpatrick* at ¶ 78.

{¶ 10} Here, appellant filed his motion long after his indictment. The trial court was obligated to treat is as a motion to suppress pursuant to R.C. 2981.03(A)(4). Appellant, however, waived his right to file a motion to suppress evidence against him at the time he entered his guilty plea. *Id.* at ¶ 10; *Fitzpatrick* at ¶ 78. Therefore, appellant cannot now argue that the seizure of his cell phone was unlawful and the trial court did

5.

not err in denying his motion without a hearing. For these reasons, we find appellant's single assignment of error not well-taken.

{¶ 11} We note that our decision is limited only to appellant's attempt to seek recovery of his property as "allegedly unlawful[ly]" seized pursuant to R.C. 2981.03(A)(4). Our conclusion does not extend to any other procedural vehicles appellant may seek to recover his property. Moreover, as the trial court denied appellant's motion before the state responded, our decision does not address the validity of any arguments the state may make in response to any subsequent attempt by appellant to recover his property.[2]

## V. Conclusion

{¶ 12} For these reasons, we find appellant's single assignment of error not well-taken and we affirm the March 13, 2023 judgment of the Sandusky County Court of Common Pleas.

{¶ 13} Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

---

[2] Sandusky County Court of Common Pleas Loc.R. 6(C)(1) provided the state with 14 days after receipt of appellant's motion to file a response. The trial court denied appellant's motion 7 days after it was filed.

6.

Thomas J. Osowik, J.       _____
                JUDGE

Gene A. Zmuda, J.

                _____
Myron C. Duhart, J.         JUDGE
CONCUR.

                _____
                JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.